FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

2:05CV1079-F

Name: WILLIE TERRELL JACKSON

Prison Number: AIS# 220410

Place of Confinement: Bullock County Correctional Facility, P.O. Box 5107, Union Springs, AL 36089

United States District Court __MIDDLE__ District of __ALABAMA__

Case No. _____
(To be supplied by Clerk of U. S. District Court)

WILLIE TERRELL JACKSON, PETITIONER
(Full name) (Include name under which you were convicted)

ARNOLD HOLT, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __ALABAMA__, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies* must be mailed to the Clerk of the United States District Court whose address is P. O. Box 711, Montgomery, Alabama 36101</u>.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack ___MONTGOMERY COUNTY CIRCUIT COURT___

2. Date of judgment of conviction ___NOVEMBER 30, 2001___

3. Length of sentence ___LIFE___   Sentencing Judge ___EUGENE REESE___

4. Nature of offense or offenses for which you were convicted: ___MURDER___

5. What was your plea? (check one)
   (a) Not guilty ( Y )
   (b) Guilty    (   )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: ___

6. Kind of trial: (Check one)
   (a) Jury (✓)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )   No (✓)

8. Did you appeal from the judgment of conviction? Yes (✓)   No ( )

9. If you did appeal, answer the following:
   (a) Name of court __ALABAMA COURT OF CRIMINAL APPEALS__
   (b) Result __AFFIRMED__
   (c) Date of result __UNKNOWN__
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: ____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (✓)   No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court __MONTGOMERY COUNTY CIRCUIT COURT__
       (2) Nature of proceeding __RULE 32 PETITION__
       (3) Grounds raised ____

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✓)
       (5) Result __DENIED__
       (6) Date of result __11-15-04__
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court __MONTGOMERY COUNTY CIRCUIT COURT__
       (2) Nature of proceeding ____
       (3) Grounds raised __SAME AS PETITION__

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✓)
       (5) Result __NO JUDGMENT__
       (6) Date of result ____

(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____
   (2) Nature of proceeding _____
   (3) Grounds raised _____

_____ N/A _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.      Yes (✓) No ( )
   (2) Second petition, etc.   Yes ( ) No ( )
   (3) Third petition, etc.    Yes ( ) No ( )
(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (tell your story briefly without citing cases or law): SEE ATTACHED

B. Ground two: CONVICTION OBTAINED BY USE OF EVIDENCE OBTAINED PURSUANT TO AN ILLEGAL ARREST
Supporting FACTS (tell your story briefly without citing cases or law): SEE ATTACHED

C. Ground three: _____ACTUAL INNOCENT_____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____SEE ATTACHED_____

D. Ground four: _____

Supporting FACTS (tell your story briefly without citing cases of law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing _____JAMES PORTER_____
   (b) At arraignment and plea _____JAMES PORTER_____

(c) At trial  JAMES PORTER

(d) At sentencing  JAMES PORTER

(e) On appeal  TIMOTHY SCOTT BELL

(f) In any post-conviction proceeding  PRO SE

(g) On appeal from any adverse ruling in a post-conviction proceeding:
PRO SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes (✓)  No ( )
   (a) If so, give name and location of court which imposed sentence to be served in the future:  MONTGOMERY COUNTY CIRCUIT COURT

   (b) And give date and length of sentence to be served in the future:
       15 YEARS
   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
       Yes (✓)  No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on  11/03/05
                                                                    (date)

_Willie T. Grichson_
Signature of Petitioner

FACTS IN SUPPORT OF GROUND ONE

THE PETITIONER ALLEGES THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL THE PETITIONER WAS TRIED TWICE FOR THE CRIME OF MURDER, THE JURY COULD NOT FIND THE PETITIONER GUILTY ON THE FIRST TRIAL AND AFTER DECLARING A MISTRIAL A SECOND TRIAL WAS ORDERED.

DURING THE FIRST TRIAL THE LEAD INVESTIGATOR DET. NAQUIN TESTIFIED THAT HE DID NOT BELIEVE THE PETITIONER COMMITTED THE CRIME.

IT WAS STATED IN TRIAL THAT THE SHOOTER WORE ALL BLACK AND A SKI MASK. BUT THE STATES ONLY WITNESS MICHAEL MOSS, A MAN THAT HAD BEEN ARRESTED GAVE CONFLICTING TESTIMONY.

DURING THE SECOND TRIAL THE PETITIONERS ATTORNEY DID ABSOLUTELY NOTHING TO DEFEND THE PETITIONER, HE WAS NOTHING BUT A WARM BODY IN THE COURT. HE:

1. FAILED TO SUBPOENA THE LEAD DETECTIVE NAQUIN TO TESTIFY KNOWING THAT HIS TESTIMONY WAS NEEDED TO PROVE THE PETITIONERS INNOCENCE.

2. FAILED TO SUBPOENA THE PETITIONERS ALIBI WITNESS REGGIE JAMES WHO COULD HAVE TESTIFIED THAT THE PETITIONER WAS WITH HIM DURING THE TIME OF THE OFFENSE.

3. KNOWING THAT THE LEAD INVESTIGATOR TESTIFIED IN THE FIRST TRIAL THAT HE DID NOT BELIEVE THE PETITIONER COMMITTED THE CRIME HE FAILED TO FILE A MOTION TO DISMISS THE WARRANT FOR LACK OF PROBABLE CAUSE.

4. HE FAILED TO SUBPOENA THE DOCTOR THAT EXAMINED THE BODY OF THE VICTIM.

5. HE FAILED TO OBJECT TO THE STATE EXCESSIVELY MAKING STATEMENTS TO THE JURY ABOUT ANOTHER CASE THE PETITIONER HAD BEEN INDICTED AND CONVICTED FOR.

6. HE FAILED TO CHALLENGE THE SUFFICIENT OF EVIDENCE AS ALL EVIDENCE AGAINST THE PETITIONER WERE CIRCUMSTANTIAL AS NO PHYSICAL EVIDENCE

was presented to connect the petitioner to the crime.

7. He failed to investigate and interview other witnesses.

It was because of the ineffective and deficient performance that led to the petitioner being convicted. He failed to have jury members remove when stated they or family members were victims of domestic violence.

FACTS IN SUPPORT OF GROUND TWO

Conviction obtained by use of evidence obtained pursuant to an unlawful arrest. Actual innocent and truly the petitioner is actual innocent. The petitioner was arrested pursuant to a warrant for arrest without valid probable cause being established and without any evidence. The lead investigator Det. Naquin testified that he did not believe the petitioner committed the crime, then how did the arrest warrant come about?

FACTS IN SUPPORT OF GROUND THREE

The petitioner states that he is actual innocent. That the state failed to prove a prima facie case for murder. The illegal arrest warrant and indictment only tracked the language of the offense, but the state did not actually prove a prima facie case for murder

FACTS IN SUPPORT OF GROUND FOUR

Is the petitioner procedurally barred from proving his innocence when the facts show that he is innocent. And the petitioner who was in federal custody from February 2002 until November 2002 and again from March 2003 until June 2003 was never notified

NOTIFIED OF THE RESULTS OF HIS APPEAL BY HIS ATTORNEY AND WHEN HE DID ONLY THEN COULD HE FILE HIS APPEAL

RESPECTFULLY SUBMITTED

*Willie T. Jackson*