IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE TERRELL JACKSON<br>AIS #220410,<br><br>      Petitioner,<br><br>vs.<br><br>ARNOLD HOLT, WARDEN et al.,<br><br>      Respondents. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 2:05-CV-1079-F<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Come now Respondents, the State of Alabama and the Alabama Attorney General, following this Court's order issued December 2, 2005, and answer Willie Terrell Jackson's (Jackson) instant petition as follows:

1. Respondents admit that Jackson was convicted by a jury in the Montgomery County Circuit Court on November 30, 2001 of murder and on December 6, 2001, Jackson was sentenced as an habitual offender with one prior felony, to life imprisonment. His incarceration is the lawful result of that conviction and sentence.

2. Respondents aver the instant §2254 petition is barred by the one-year period of limitation of 28 U.S.C. 2244(d).

3. Respondents deny that Jackson is entitled to any of the relief he has requested.

## Procedural History

4. On December 6, 2001, Jackson was sentenced in the Montgomery County Circuit Court to life in the penitentiary for his conviction of murder. (Exhibit A; C. 53) He appealed his conviction to the Alabama Court of Criminal Appeals.[1] Jackson's conviction was affirmed by memorandum. (Exhibit B) He did not file an application for rehearing nor seek certiorari review of his conviction in the Supreme Court of Alabama, and the certificate of judgment was issued on October 8, 2002. (Exhibit C)

On October 7, 2004, Jackson filed a Rule 32 petition challenging his murder conviction in the Montgomery County Circuit Court. (Exhibit A; 6-5) On November 15, 2004, the trial court summarily denied Jackson's Rule 32 petition. (Exhibit A; C. 62-63) Jackson appealed the denial of the Rule 32 petition to the Alabama Court of Criminal Appeals, and briefs were filed by the parties. (Exhibit D and E) On March 11, 2005, the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition by memorandum. (Exhibit F) Jackson's application for rehearing was denied on April 1, 2005. (Exhibits G and H) The

---

[1] The direct appeal transcripts are available, but not material to Respondents' statute of limitation defense. They are not, therefore, submitted with this Answer, but will be submitted if deemed necessary by this Court.

2

Supreme Court of Alabama denied his writ of certiorari on October 14, 2005 and the certificate of judgment was issued. (Exhibit I and J)

Jackson filed his instant §2254 petition on November 9, 2005. (§2254 petition, p. 1) His petition is time-barred under §2244(d). Jackson has not established grounds for equitable tolling.

### One-Year Period of Limitation Under Title 28 U.S.C. §2244(d)

5. Jackson's petition is barred by the one-year period of limitation of Title 28 U.S.C. §2244(d). Jackson's direct appeal ended with the issuance of the certificate of judgment on October 8, 2002, well after the effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1212 (1996) codified in pertinent in Title 28 U.S.C. §2244(d). The one-year period of limitation applicable to his case ran from October 8, 2002, because Jackson did not seek certiorari review in the Alabama Supreme Court. Therefore, Jackson's petition, to be timely, should have been filed no later than October 8, 2003. It was, in fact, filed no earlier than November 3, 2005, which was more than two years after the expiration of the one-year period.

Under Title 28 U.S.C. §2244(d)(2), the legislatively-created one-year period of limitation may be tolled for "The time during which a properly filed application of State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…". Jackson filed a Rule 32 petition on October 7,

3

2004, almost one year after the one-year limitation period prescribed by §2244(d)(1) had expired; therefore, his petition was not pending as required by the provision of Title 28 U.S.C. §2244(d)(2) for purposes of tolling the requisite time period. See <u>Webstere v. Moore</u>, 199 F. 3d 1256, 1259 (11th Cir. 2001).

Although Jackson alleged he was actually innocent, he has offered no facts to support this claim nor did he factually support the claim in his untimely filed Rule 32 petition.[2]

Jackson's §2254 petition was filed more than two years late, and he has not alleged any extraordinary circumstances or shown actual innocence to excuse the tardiness of the filing. Jackson's §2254 petition is time-barred.

WHEREFORE, THE PREMISES CONSIDERED, Respondents pray for the dismissal of the instant, §2254 petition for the reasons stated.

---

[2] Jackson did not raise this actual innocent claim in his direct appeal. (Exhibit B)

4

## Exhibit List

| | |
|---|---|
| Exhibit A | Jackson's Rule 32 petition challenging his murder conviction filed in the Montgomery County Circuit Court on October 7, 2004. |
| Exhibit B | Alabama Court of Criminal Appeals's memorandum opinion affirming Jackson's murder conviction; |
| Exhibit C | The Certificate of Judgment of Affirmance of Jackson's conviction issued on October 8, 2002; |
| Exhibit D | Jackson's brief on appeal of the denial of his Rule 32 petition; |
| Exhibit E | State's brief on appeal of denial of Rule 32 petition; |
| Exhibit F | Alabama Court of Criminal Appeals memorandum opinion affirming the denial of the Rule 32 petition; |
| Exhibit G | Jackson's application for rehearing; |
| Exhibit H | Alabama Court of Criminal Appeals' denial of Application for rehearing; |
| Exhibit I | Supreme Court of Alabama's order denying Jackson's writ of certiorari; and, |
| Exhibit J | Certificate of Judgment of Affirmance. |

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/Daniel W. Madison
Daniel W. Madison (MAD029)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of January, 2006, I electronically filed the foregoing with exhibit the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service this Answer to the following non-CM/ECF participants to the address listed below:

Willie Terrell Jackson
AIS #220410,
Bullock County Correctional
P. O. Box 5107
Union Springs, Alabama  36089-5107

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  DMadison@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152

90498/JACKSON, WILLIE TERRELL

88384-001

7