# VOLUME 1 OF 1

COURT OF CRIMINAL APPEALS NO. CR-04-0337

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF Montgomery COUNTY, ALABAMA

CIRCUIT COURT NO. CC 01-440.62

CIRCUIT JUDGE REESE

Type of Conviction / Order Appealed From: Rule 32

Sentence Imposed: _____

Defendant Indigent: ■ YES ☐ NO

WILLIE T. JACKSON
NAME OF APPELLANT

WILLIE T. JACKSON AIS# 220410
(Appellant's Attorney)                          (Telephone No.)
3800 FOUNTAIN CORR. FAC.
(Address)
Atmore          AL          36503
(City)          (State)          (Zip Code)

V.

STATE OF ALABAMA

(State represented by Attorney General)                    NAME OF APPELLEE
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



EXHIBIT

### INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY………………………………………………    1-2

RULE 32 PETITION………………………………………………..    3-47

MOTION FOR APPOINTMENT OF COUNSEL……………………………    48-49

MOTION FOR EVIDENTIARY HEARING…………………………………    50-51

STATE'S ANSWER TO PETITION…………………………………    52-57

PETITIONERS ANSWER/RESPONSE TO STATE ANSWER AND MOTION
TO DISMISS………………………………………………    58-61

ORDER TO DISMISS RULE 32 PETITION…………………………………    62-63

MOTION TO ALTER, VACATE AND OR AMEND…………………………    64-67

NOTICE OF APPEAL………………………………………………    68-69

APPEAL TRANSMITTAL…………………………………………....    70

CERTIFICATE OF COMPLETION………………………………………    71

```
CR0372            ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: ▓▓▓▓▓▓▓ 000440.62
OPER: TOR                     CASE ACTION SUMMARY
PAGE:  1                       CIRCUIT   CRIMINAL              RUN DATE: 10/14/2004
===================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                     JUDGE: EWR

    OF  ALABAMA                      VS       JACKSON WILLIE TERELL
                                              3800 FOUNTAIN C.F
CASE: CC 2001 000440.62                       AIS# 220410     2-105
                                              ATMORE, AL  36503 0000

DOB: 07/06/1975          SEX: M  RACE: B  HT: 5 07  WT: 125   HR:      EYES:
SSN: 420159240  ALIAS NAMES: RAT BOY
===================================================================================
CHARGE01: ▓▓▓▓ 32-FELONY▓▓      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                DATE ARRESTED: 03/14/2001
DATE     INDICTED:               DATE     FILED: 10/07/2004
DATE    RELEASED:                DATE   HEARING:
BOND      AMOUNT: $10,000,000.00      SURETIES:

DATE 1:          DESC:                 TIME: 0000
DATE 2:          DESC:                 TIME: 0000

TRACKING NOS: CC 2001 000440 00  /                    /

   DEF/ATY:                    TYPE:                              TYPE:

                        00000                    00000

PROSECUTOR:
===================================================================================
4TH CSE: CC200100044000 CHK/TICKET NO:                  GRAND JURY:
COURT REPORTER: ———————————— SID NO:       001299612
DEF STATUS: PRISON         DEMAND:                          OPER: TOR
===================================================================================
              ACTIONS, JUDGEMENTS, AND NOTES
===================================================================================
```

| | |
|---|---|
| 10/14/04 | Copy of Rule 32 Sent to DA |
| 10/02/04 | Motion For Appointment Of Counsel |
| 0/02/04 | Motion For Evidestiary Hearing |
| 0/29/04 | States Answer + Motion To Dismiss |
| 1/05/04 | Petitioners Answer / Response To State Answer + Motion To Dismiss |
| 1/15/04 | Order Summarily Dismissing Rule 32 |
| 1/23/04 | Motion To Alter, Vacate and or Amend |
| /3/04 | Notice Of Appeal w/ out Forms |

ACR0369  A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T R E

## CASE ACTION SUMMARY
### CONTINUATION

CASE: CC 2001 000440.62
JUDGE ID: EWR

S    : OF ALABAMA                    VS    JACKSON WILLIE TERELL

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 12/02/04 | Cert. Of Appeal To Crim Appls, A.G., DA & Def w/ Forms |

**3**

Case Number

CC ___ 01 ___ 440 . 62

ID      YR      NUMBER

(To be completed
by Court Clerk)

EWR

# IN FORMA PAUPERIS DECLARATION

## Montgomery County Circuit Court

[Insert appropriate court]

Willie Terrell Jackson     220470

(Petitioner)

vs.

State Of Alabama

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, _____ Willie Terrell Jackson _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No __X__

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____     No __X__

   b. Rent payments, interest, or dividends?

   Yes _____     No __X__

   c. Pensions, annuities, or life insurance payments?

   Yes _____     No __X__

   d. Gifts or inheritances?

   Yes _____     No __X__

   e. Any other sources?

   Yes __X__     No _____

4

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

See Attached Sheet

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No __X___

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No __X___

If the answer is "yes", describe the property and state its approximate value.

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____N/A_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___9-28-04___
                    (Date)

_Willie Terrell Jackson_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _37 28_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ institution:

_____

_____

_9/29/04_ _V. Har___
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

STATE DEPARTMENT OF CORRECTIONS
FOUNTAIN CORRECTIONAL CENTER

**5**

AIS #: 220410        NAME: JACKSON, WILLIE TERELL            AS OF: 09/29/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| SEP | 1 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $8.02 | $97.03 |
| AUG | 31 | $3.14 | $60.00 |
| SEP | 29 | $27.94 | $40.60 |

Average 12 month balance            $3.26            $16.47

Vicki S. Hardy, PMOD Clerk

STATE OF ALABAMA, ESCAMBIA COUNTY, SWORN TO AND SUBSCRIBED BEFORE ME THIS
29th DAY OF SEPTEMBER, 2004.

_____ Notary Public

MY COMMISSION EXPIRES OCT. 25, 2004

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,

### Alabama Rules of Criminal Procedure)

|  | Case Number |  |  |
|---|---|---|---|
| CC | 01 | 440 | 62 EWR |
| ID | YR | NUMBER | |
| | Montgomery | | |

IN THE _____ Circuit _____ COURT OF _____ Montgomery _____ ALABAMA

Willie Terrell Jackson _____ vs. _____ State Of Alabama

Petitioner (Full Name)                                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___ 220410 ___ Place of Confinement ___ Fountain ___

County of conviction ___ Montgomery County ___

NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction

   or sentence under attack ___ Montgomery County Circuit Court ___

2. Date of judgment of conviction ___ November 30, 2001 ___

3. Length of sentence ___ Life ___

4. Nature of offense involved (all counts) ___ Murder ___

   OCT 2004
   Filed
   Melissa Rittenour
   Circuit Clerk

5. What was your plea? (Check one)

   (a) Guilty ___

   (b) Not guilty ___ X ___

   (c) Not guilty by reason of mental disease or defect ___

   (d) Not guilty and not guilty by reason of mental disease or defect ___

6.  Kind of trial: (Check one)

(a)  Jury __X__                    (b)  Judge only _____

7.  Did you testify at the trial?

Yes _____                    No __X__        弒

8.  Did you appeal from the judgment of conviction?

Yes __X__                    No _____

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court __Alabama Court Of Criminal Appeals__

(2)  Result __Affirmed__

(3)  Date of result __Unknown__

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court __N/A__

(2)  Result __N/A__

(3)  Date of result __N/A__

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court __N/A__

(2)  Result __N/A__

(3)  Date of result __N/A__

8

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __X__

11.  If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

    (a)  (1)  Name of court _____N/A_____

         (2)  Nature of proceeding _____N/A_____

         (3)  Grounds raised _____N/A_____

            _____

            _____

            _____

            _____

         (attach additional sheets if necessary)

         (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No _____

         (5)  Result _____N/A_____

         (6)  Date of result _____N/A_____

    (b)  As to any second petition, application, or motion, give the same information:

         (1)  Name of court _____N/A_____

         (2)  Nature of proceeding _____N/A_____

         (3)  Grounds raised _____N/A_____

            _____

            _____

            _____

            _____

         (attach additional sheets if necessary)

         (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No _____

         (5)  Result _____N/A_____

         (6)  Date of result _____N/A_____

    (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

         (1)  Name of court _____N/A_____

2

(2)  Nature of proceeding _____ N/A _____

(3)  Grounds raised _____ N/A _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes _____            No _____

(5)  Result _____ N/A _____

(6)  Date of result _____ N/A _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)  First petition, etc.        Yes _____        No _____

    (2)  Second petition, etc.       Yes _____        No _____

    (2)  Third petition, etc.        Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____ N/A _____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.



B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

X The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __X__

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____N/A_____

(b)  Result _____N/A_____

(c)  Date of result _____N/A_____
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __X__

6

12

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)  At preliminary hearing  _James Porter_____

_____

(b)  At arraignment and plea  _James Porter_____

_____

(c)  At trial  _James Porter_____

_____

(d)  At sentencing  _James Porter_____

_____

(e)  On appeal  _Timothy Scott  Bell_____

_____

(f)  In any post-conviction proceeding  _N/A_____

_____

_____

(g)  On appeal from adverse ruling in a post-conviction proceeding  _____

_N/A_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No __XX__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __XX__

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b)  And give date and length of sentence to be served in the future: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __XX__

18. What date is this petition being mailed?

_Oct 4, 2004_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on 10/2/04 _____.
                    (Date)

_Willie Terrell Jackson_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the __2__ day of __Oct_____, 2 oc4.

_____
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
                                                                (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

In The Circuit Court Of Montgomery County

State Of Alabama

Willie T. Jackson,

Petitioner

Vs.                                Case # CC-01-440

State Of Alabama,

Respondents

## Memorandum Of Law And Authority

## In Support Of Rule 32 Petition

## For Post Conviction Relief

Willie T. Jackson
Attorney Pro Se
Fountain 3800
Atmore, Alabama 36503

15

In The Circuit Court Of Montgomery County

State Of Alabama

* 

Willie T. Jackson,         *

Petitioner              *

Vs.                 *        Case No. CC-01-440

State Of Alabama,         *        <u>Memorandum Of Law And Authority</u>

Respondents            *        <u>In Support Of Rule 32 Petition</u>

*        <u>For Post Conviction Relief:</u>

*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the petitioner Willie T. Jackson pro-se in person
in the above styled action and respectfully moves this Honorable
court to accept this the petitioner's Rule 32, for post-convict-
ion relief of sentence that is filed in accordance with the Ala-
bama Rules of Criminal Procedures, Rule 32, and challenging  the
denial of rights guaranteed to petitioner under the fourth, fif-
th, sixth, eight, and Fourteenth Amendments to the United States
constitution. Also the Code of Alabama, 1975, Article One Secti-
on sixth, Constitution of the State of Alabama.

## Jurisdiction

This Honorable Court have the required jurisdiction in this
matter under <u>Alabama Rules of Criminal Procedures,</u> Rule 32    as
the petitioner is alleging that his constitutional rights   have
been violated.

Further this is a State Court conviction that the petition-
er is seeking to redress.

1



## WHETHER THE PETITIONER'S SENTENCE IS ILLEGAL IN THE ABSENT OF THE TRIAL COURT HAVING JURISDICTION OVER PETITIONER DUE TO THE ILLEGAL ARREST OF PETITIONER (YES)

As will be discussed in issue one (1), the State of Alabama agents failed to properly arrest the petitioner and the evidence reflects that a warrant was issued without valid probable cause having been established.

If a petitioner is never lawfully arrested in accordance, with the provisions of the fourth amendment of the U.S. constitution, there is never a conferring of the law for the court to assume jurisdiction over the petitioner.

Furthermore, a court can not assume jurisdiction which is not conferred on it by law. Stewart Vs. Moore, Com. App. 291 S.W. 886.

This court could not allow the government (Alabama) to bring the petitioner before it without due process of the law, then exercise it's jurisdiction over the petitioner. This court without a lawful arrest based on probable cause have no jurisdiction and cannot act against a citizen as if Marshall Law or suspension of the law is in effect.

If the court did not have personal jurisdiction over the petitioner there is no way that his conviction and sentence can be legal.

## WHETHER THE PETITIONER IS PROCEDURALLY BARRED (NO)

The petitioner answer this question in the negative that he is not procedurally barred in this case, because the issues raised in this petition are jurisdictional.

2

The first issue is controlled by the jurisdiction of the person which is the power of the court to bring before it the person to be affected by the judgment and to render a judgment binding on such person. Mason Vs. McClendez, D.C. Wis., 525 F. Supp. 270 and Hopkins Vs. Hopkins, 229 S.E. 2d. 751, 237 Ga. 845.

The second issue is controlled by jurisdiction of the subject matter which is the power of the court to hear and determine cases of the general class to which the proceedings, in question belong. U.S. Vs. Morton, 104 S. Ct. 27, 468 at 1226, 82 L. Ed. 2d. 920.

This acknowledgment of petitioner's position within the law was recognized by the State of Alabama in the case of Lancaster Vs. State, 638 So. 2d. 1370 (1993).

### THERE IS NO HARD AND FAST UNIVERSAL RULE TO DETERMINE

### WHICH ISSUES ARE SUBJECT MATTER JURISDICTION

### AND ARE THEREFORE NONE WAIVABLE

Case law in Alabama, indicates several issues that are reviewable by this court in a petition for post conviction, relief even if they have not been presented on appeal before the Appeals court.

Therefore petitioner has correctly raised the issue of a lack of trial court jurisdiction as a basis for relief and is not barred from review.

### WHETHER THE PETITIONER'S ARREST IS ILLEGAL

### IN THE ABSENT OF PROBABLE CAUSE TO ARREST PETITIONER

3

The Petitioner was alleged to have committed the crime of murder, by the police authorties of Montgomery, Alabama. Thereafter a warrant for the arrest of petitioner was issued to the complaining officer. The warrant for the arrest of petitioner was issued without valid probable cause having been established, As the warrant only tracks the language of the statute of Code of Alabama, 1975, §13A-6-2.

When a complaint on what a warrant is issued does not support a finding of probable cause the petitioner's arrest do not comply with the provisions of the Fourth Amendment of the United States constitution. Whitley Vs. Warden of Wyoming Pent. 401 U.S. 560, 28 L. Ed. 2d. 206, 111 S. Ct. 1031.

Jurisdiction of the person is essential to the power of the court to determine a legal controversy. Personal jurisdiction do require a basic for jurisdiction authorized by statute and constitent with due process. Rankin Vs. Howard, C.A. Ariz. 633 F. 2d./ 844 Cert. denied. Zella Vs. Rankin, at 101 S. Ct. 2020, 541 U.S. 939, 68 L. Ed. 2d. 326.

The illegal arrest of petitioner rendered the trial court of personal jurisdiction over petitioner as a warrant based upon probable cause had to be issued to legally arrest petitioner.

In order for the trial court to obtain personal jurisdiction over the petitioner there first had to have been a legal arrest./

In that petitioner was arrested based upon invalid probable, cause, the arrest is illegal and because of such the petitioner's arrest violated petitioner's constitutional rights as guaranteed, by the United States Constitution.

19

## Argument In Support

## Excusable Neglect

## Actual Innocent

In Stutson Vs. U.S., 516 U.S. 193, 133 L. Ed. 2d. 571, 116 S. Ct. 600 (1996), it was held by the United States Supreme Ct. that given that the pioneer decision had determine that a party could in some circumstances rely on an inadvertent failure  of the party's attorney to file a timely proof of a claim as excusable, neglect.

In the present case at bar petitioner contends that through, no fault of his own  has failed to present this  claim  of actual innocence in a motion for new trial or other prior proceedings. This failure to present this claim was the failure  of attorney's representing petitioner during criminal proceedings.

This exceptional combination of circumstances present ample, justification for this court to entertain this petition, as the evidence and facts presented herein appears to show that  a reasonable probability exist that this court will  reach a different, conclusion other than the previously decision that  was rendered by the jury in finding petitioner guilty of the crime./ This decision will guarantee petitioner full and fair consideration, of his claims and rights.

Furthermore petitioner contends that for this court to  not entertain this petition would be a fundamental miscarriage    of justice in accordance with the holdings of Murray Vs. Carrier 91 L. Ed. 2d. 397.

5

The petitioner contends that he is actual innocent of the crime for which he was convicted of, and that the actual innocent, exception is alternative known as the fundamental miscarriage, of justice exception.

The United States Supreme Court has not stated what it means, to be actual innocent. Murray Vs. Carrier, 477 U.S. 478 at 495, 96 106 S. Ct. 2639, 26, 49, 91 L. Ed. 2d. 3977 (1986).

However where a constitutional violation has probable resulted, in the conviction of one who is innocent a court may grant, relief even in the absent of a showing of cause.

In Johnson Vs. Singletary, 938 F. 2d. 1166 (1991), it was held by the Supreme Court that the following principles must be recognized by the court in exceptional cases.

In an extraordinary case where a constitutional violation, has probable resulted in the conviction of one who is innocent/ of the crime a court may grant relief even in the absent of a showing of cause.

The plurality states that when a prisoner makes a colorable, showing of factual innocence the court should excuse an abuse, of the writ.

The plurality explained that for a prisoner to demonstrate factual innocence he must show that the trier of facts based on all of the reliable evidence regardless of it's admissibility or availability at trial would have entertained a reasonable doubt of his guilt.

It is clear that for a prisoner to show his actual innocence or factual innocence of a crime it is not required that he affirmatively, disprove any element of the crime for which he was convicted, of or pleaded guilty too, as the case may be.

However he must demonstrate to a high degree of probability, that the jury or in a bench trial the judge had it had all of the reliable evidence before it would have entertained reasonable doubt, about his guilt as to some element of the crime for which he was convicted of.

In the present case at bar, petitioner contends that if all the facts of the case had been known to the jury there's strong presumption that the jury would not have convicted him of the crime.

In the present case at bar justice requires this court to further amplify the meaning of actual innocence in a colloquial sense in a case where the State has convicted and sentenced the wrong person to prison for a crime.

Sawyer Vs. Whitley, 120 L. Ed. 2d. 269. In Sawyer, it was held by the court: We have repeatedly recognized that principles, of fundamental fairness underlie the writ of habeas corpus: See: Engle Vs. Isaac, 456 U.S. 107, 126, 71 L. Ed. 2d. 783, 102 S. Ct. 1558 (1982). Sanders Vs. United States, 373 U.S. 1, 17, 18, 10 L. Ed. 2d. 148, 83 S. Ct. 1068 (1963).

Even as the court, has erected unprecedent and unwarranted barriers to the Federal Judiciary's review of the merits of claims, that the prisoner failed to present proper before the court.

**22**

See: Also Herrera V. Collins, 122 L. Ed. 2d. which states in part that a prisoner may have a vital interest in having a second chance in court to test the fundamental justice of his incarceration even where as here the claim presented have been free of error when presented prior.

A prisoner retains a powerful and legitimate interest in obtaining his release from custody if he is innocent of the charge which he is incarcerated for.

In the present case at bar, the petitioner contends that he is innocence of the crime and if all the facts had been presented, to the jury, there is a strong presumption that petitioner, would not have been convicted of the crime.

## Those Facts Are

(1) The State failed to prove a motive to cause the death, of the victim (Janna Lambert), The State failed to prove a motive or proof that would cause Jackson to commit the crime.

(2) Lead investigator (detective Naquin) stated that he did not feel that Jackson committed the crime. He was not called as a witness so that the defense could question him.

(3) Alibi witness Reggie James, was not called as a witness, for the defense. He could have testified that Jackson was with him at the time of the alleged crime.

(4) State witness Michael Moss, was known to give false statements to law enforcement officers, He had been arrested on more than one occassion. His testimony should have been impeached.

(5) Foreperson of the jury Sam Camp, stated that he would believe in a police officer regardless of the situation.

23

(6)    Jury member Buchanna, had close ties to people that was involved in domestic violence crimes.  She stated that she    was against all domestic   violence cases.

(7)    Petitioner should have been placed in a line up to   see if State witness Michael Moss could identify petitioner through   a sik mask.

(8)    The district attorney imporper made excessive reference in regards to another charge that petitioner had already been convicted, of.

(9)    The district attorney made prejudice remarks during the closing arguments of petitioner's trial.

(10)   The district attorney improper made statements   about the infant surving child of the victim.

(11)   Attorney failed to ensure that the medical examiner was avaliable for  trial.

(12)   The petitioner did not commit the crime and had petitioner's, attorney been attorney acting within the means of the 6th, amendment as guaranteed to petitioner by the United States constitution, he would have ensured that petitioner was tired  before  a jury where all evidence favorable and none favorable to the defense, was made available.

Because of the acts and omission of acts petitioner was denied, effective assistance of counsel, in that counsel failed to  do that he should have done.

As stated by the Alabama Supreme Court, this is more than   a case where counsel failed to object when he should have.   this is not a case where attorney made decisions in favor of petitioner's, defense. This is a case where attorney failed to do his job.

24

## Argument

### Ineffective Assistant Of Counsel:

Petitioner contends that he was denied effective assistant of counsel during his criminal trial and that the acts  and the omission of acts violated petitioner's rights to a fair trial.

(1)   Counsel failed to file a motion to have the  arrest warrant dismissed for lack of probable cause.

(2)   Counsel failed to have independent testing done  on the evidence that was presented by the State.

(3)   Counsel failed to visit the crime scene and invest-igate, the crime.

(4)   Counsel failed to subpeona petitioner's alibi witn-esses, as such witnesses could have testified to  the where-ab-outs, of petitioner at the time of the alleged crime.

(5)   Counsel failed to have the doctor who examined  the body brought to court so that he could have been examined under oath.

(6)   Counsel failed to have the lead investigator of the case subpeonaed to court so that he could have testified  under oath.

(7)   Counsel failed to have removed from the jury sever-al, jury members who stated that they or close friends of their's, had been victims of domestic violence.

(8)   Counsel failed to file a motion for new trial based upon the fact that the prospect jury members were never sworn.

(9)   Counsel failed to challenge the sufficient of evid-ence, as all evidence against petitioner were circumstantial as

no physical evidence were presented to connect petitioner to the crime.

In United States Vs. Cronic, 466 U.S. 648 80 L. Ed. 2d. It was held by the United States Supreme Court that the sixth amendment requires not merely the provision of counsel to the accused, in a criminal proceeding, but assistance which is to be for his defense and thus the core purpose of the counsel guarantee,/ is to ensure the accused assistance at trial when the accused is confronted in the criminal proceeding with the intricacies of the law and with the advocacy of the prosecutor.

If no actual assistance for the accused defense is provided then the constitutional guarantee has been violated.

In the present case at bar petitioner was denied his sixth amendment right as guaranteed by the United States constitution.

An accused right to be represented by counsel is a fundamental, component of the criminal justice system. Lawyers in all criminal cases are necessities not luxuries. Their presence is essential because they are the means through which the rights of the other person on trial are secured. Without counsel, the right, to a fair trial itself would be of little avail..

Furthermore in Strickland Vs. Washington, 466 U.S. 668 80 L. Ed. 2d. 674, 104 S. Ct. 2052, the United States Supreme Court stated in a line of cases that the sixth amendment right to counsel, exists and is needed in order to protect the fundamental right to a fair and just trial.

11

There are standards within the legal profession reflected in the various Rules of Professional Conduct, adopted by the American Bar Association across the country.

These standards are indicative only, but they do reflect, what the legal profession itself claims to be the minimum requirement, for adequate representation of a client. The Alabama Rules of Professional Conduct. Rule 1.1, States (A Lawyer) shall, provide competent representation to a client. Competent requires the legal knowledge, skill, throughness and preparation, reasonably necessary for the representation.

Effective representation consistent with the sixth amendment, involves independent duty to investigate and prepare. At Dill Vs. Alabama, 484 So. 2d. 491,497 (1985) (emphasis added).

Not only does defense counsel have a duty to seek to determine, all relevant facts known to the accused but he  also, has a duty to conduct a prompt investigation of the circumstances, of the case and to explore all avenues leading to  facts relevant to guilt and degree of penalty. Baxter Vs. State, 360 So. 2d. 64 at (1978). (emphasis added) It is the duty of  the lawyer to conduct a prompt investigation of the circumstances, of the case and to explore all avenues leading to facts relevant, to the merit of the case and the penalty in the event  of conviction.

The investigation should always include efforts  in  the possession of the prosecutor and law enforcement authorties. The duty to investigate exist regardless of any statements of the accused to investigation authorties.

12

In summary each and every lawyer has an affirmative duty to investigate each criminal case and to pursue those leads that if proven would point to facts material and relevant to the individual, case.

Davis Vs. State, 596 F. 2d. 1214 (1979), the Fifth Circuit, held that defendant had been denied effective assistance of counsel, when counsel failed to investigate possible sources of information which would had allowed the defendant to develope an insanity defense.

> The court cited the ABA Standard set out above and stated, a defense attorney must be prepared to investigate and develope evidence in or on behalf of his client.

It was further held that an attorney does not provide the effective assistance of counsel if he fails to investigate the case and sources of evidence which may be helpful to the defense of his client. Davis, at 1217, See: also; Rummel Vs. Estelle 590 F. 2d. 103 (1979) Gaines Vs. Georgia, 554 F. 2d. 1360 (1979).

Thus it is clear that an effective defense requires some investigation of the case. It has been claimed a lack of investigation, and probing into facts is a decision for counsel based on sound trial strategy. However permissible trial strategy can never include the failure to conduct a reasonably substantial investigation of the defendants one plausible line of defense.'/ Washington Vs. Strickland, 693 F. 2d. 1243 (1982) Ewing V. Williams, 506 F. 2d. 391 (1979), Wood V. Zahradnick, 430 F. Supp at 107 (1977), affirmed in relevant part, 578 F. 2d. 980 (1978).

It is obvious that an attorney can no more make a strategic decision that renders un-necessary, an investigation of a defen--dants, one plausible line of defense than he can make a decision

to plead guilty against a clients wishes.

Washington, 1252, failure to investigate and failure to put on witnesses cannot be categorized as trial strategy. Hopkins V. Zant, 941 F. 2d. 1449 (1991). Petition for cert filed.

Counsel has a duty to excercise dilligence in preparing his client's case for trial and procuring witnesses. Weaver V. State 401 So. 2d. 344 (1981) Also: State V. Terry, 601 So. 2d. 161.

In the present case at bar petitioner contends that counsel failed to do what reasonably should be expected of Every Alabama attorney, representing criminal defendants. Attorney falied to conduct a proper investigation of petitioner's case so that counsel's, performance fell below an objective standard of what is expected of criminal attorneys.

In the present case at bar petitioner alleges that counsel, failed to file a motion to suppress the arrest warrant. Fail to have independent testing done on the evidence. Failed to visit the crime scene. Failed to subpeona petitioner's alibi witness. Failed to ensure the Medical Examiner was available to testify,/ at trial. Fail to ensure that the lead investigator was available, for trial. Failed to file a motion to have several of the jury members removed for cause. Failed to file a motion for new trial based upon the fact that the prospect jury was never sworn as required by law. Fail to file a motion to challenge the sufficient, of the evidence.

14

29

Petitioner further contends that he was denied his  sixth amendment right to effective assistance of counsel in that  the petitioner was denied compulsory process a right that is guaranteed, by the due process clause of the U.S. constitution.

In <u>Taylor Vs. Illinois</u>, 98 L. Ed. 2d. 1074, it was held by the United States Supreme Court that a requirement of the process, clause is that the witness's testimony be material    and favorable to the defendant, and that the accused favor is conditioned, upon a showing that the testimony sought be both material, and favorable to the accused's defense.

In the present case at bar petitioner's attorney failed to subpoena witnesses in petitioner's behalf. Reggie James one  of the witnesses could have testified that petitioner was with him at the time of the alleged crime. Investigator Naguin,   could have testified that he did not believe that petitioner was  the person who committed the crime. Petitioner's next door neighbor Ms. Josesapheen, she could have testified that Ms. Desiree  and petitioner was together the day before the alleged crime at the petitioner's house. She also could have testified that the investigator's, did not question anyone in the neighborhood  about the alleged crime. In Rock Vs. Arkansas, 97 L. Ed. 2d. 37,   it was held by the United States Supreme Court, that an accused right to call witnesses whose testimony is material and favorable, to his defense, which is found in his sixth amendment riht, to have compulsory process for obtaining witnesses in  his favor. A right that is guaranteed by the sixth amendment.

15

In that petitioner was denied compulsory process, the petit-
ioner, was denied his sixth amendment right to effective assista-
nce, of counsel.

## WHETHER THE TRIAL COURT JUDGMENT AND CONNVICTION IS VOID DUE TO THE TRIAL COURT'S LACK OF SUJECT MATTER JURISDICTION, AS THE TRIAL COURT FAILED TO ADMINISTER THE OATH TO PROSPECTIVE JURORS PRIOR TO VOIR DIRE ? (YES)

The foundation of the judicial system in the State of Alaba-
ma, is conferred by Section 12-11-1 of the Code of Alabama, 1975.

12-11-1 (Circuit Courts) in every county, there is provided a circuit
Court with all the jurisdiction and powers that are conferred on the
Circuit Court by the constitution and laws of this State.

Thus a Court has jurisdiction of the subject matter when it has the right
to try the kind of proceedings, whether it be action or suit.

In order for the Circuit Court of Montgomery County to obta-
in, a verdict or conviction against petitioner in a trial by jury
first the court had to exercise subject matter jurisdiction over
the formation of the jury.

The Circuit Court could not waive petitioner's 6th amendment
right to a trial by jury unless petitioner waived it himself.  In
this case petitioner did not do so.

Therefore a finding of guilt against petitioner  could only
be by a lawfully impanelled jury.

The Alabama Court of Criminal Appeals has  established  the
requirements as to the illegality of a jury beginning  with  the
case of Holland Vs. State,  668 So. 2d. 107 (1995)

In Holland, the  court held that while there is no statutory,
or constitutional requirement that an oath be administered,   to
the prospective jurors before their voir dire examination   such

16

should be done as has been the practice of the Courts in Alabama proceeding in Criminal cases.

An oath should be administered to prospective jurors so as to ensure that they will answer questions under an oath truthful when asked.

State Vs. Tharp, 42 Wsh. 2d. 494, 256 P. 2d. 482 (1953), or Duffy Vs. State, Cert. Denied, 439 U.S. 991, 99 S. Ct. 593, 58 L. Ed. 2d. 666 (1978).

The above cited authorties makes it clear that a presumption, can not be made from a silent record that the jury was sworn as required by law.

Whitehurst Vs. State, 51 Ala. App. 613, 288 So. 2d. 152.

In the present case at bar petitioner contends that the jurors, (prospective) was never sworn and that because of such the petitioner was tried before the court without the requirements of law having been meet.

In that attorney never filed a motion for new trial based./ upon the jurors having not been sworn petitioner was denied the right to effective assistance of counsel.

Because of the lack of trial court jurisdiction and effective, assistance of counsel, the petitioner's sentence and also conviction is due to be vacated.

17

## THE STATE FAILED TO PROVE A PRIMA FACIE CASE

It is elementary to say that in any criminal prosecution the State must prove each and every element of the offense charged and that the accused committed the crime. Hull V. State, 607 So. 2d. 369, 373 (Ala. Cr. App. 1992). Rutledge V. State, 651 So. 2d. 1141, 1147 (Ala. Crim. App. 1994). If the State cannot, or did not prove every element of the crime, then the accused cannot be convicted.

### THE state did not prove the elements of the crime of murder

In Alabama a person commits the crime of murder if

> (a)... [w]ith intent to cause the death of another person, he causes the death, of that person or of another person.

Ala. Code 1975 § 13A-6-2 (a) & (b)

Thus in order to prove it's case, the state must show that Willie T. Jackson intended to take the life of the victim, did an overt act towards the commission of that intent.. [A]n intent may be inferred from the character of the crime, the use of a deadly weapon and all other attending circumstances surrounding the death, of the deceased. Fears V. State, 451 So. 2d. 385, 387 (Ala./ Crim. App. 1984). See Also Swann V. State, 412 So. 2d. 1253 at 1982..

Thus it is clear from the language emphasized above, that the character of the assault and all other attending circumstances, surrounding the death of the deceased are just as important in establishing the presumption of intent as is the use of the deadly weapon. That is why in the cases cited abbove other specific, proof was offered thus enabling the court to affirm each case.

18

For example, in Chaney, supra, intent was shown in the fact that the husband had made several previous threats against his wife. In Parris, supra, the evidence showed that the defendant in that action had pulled out his gun from under the seat, aimed and fired at the victim's back. In <u>Dubose V. State, 563</u> So. 2d. 18 (Ala. Crim. App. 1990), a prior altercation between the defendant and the victim was held to be sufficient evidence of specific intent, to kill.

In contrast the state offered no evidence establishing that Jackson in any way intended to kill the victim.

The indictment is very specific and charges Jackson with the crime of murder. No evidence was presented to show any character, of the murder, indicating such intent, nor did other attendant circumstances establish such intent, because none was shown. The petitioner made no threats toward the victim. There was no evidence, that Jackson prepared before hand to kill the victim. No gun was found and, although shell casings were found at the scene, no fingerprints of Jackson were taken from the shell casings. The only testimony linking Jackson to the crime was from witnesses of the state who gave conflicting testimony.

Although conflicting testimony was given by witnesses of the state, the petitioner had witnesses who could have testified, that petitioner was not at the scene of the crime when the crime took place. Further witnesses for the defendant who testified did state that petitioner was in their presence when the alleged crime, took place.

19

48

In The Circuit Court Of__Montgomery County__

State Of Alabama

Willie T. Jackson
_____,

Petitioner

Vs.

State Of Alabama,

Respondents



Case No. CC-01-440.62

## Motion For Appointment Of Counsel:

The petitioner in the above styled action hereby moves this Honorable Court for an order entered directed that counsel be appointed to assist petitioner in this matter. This motion is supported by the following facts.

## Facts In Support:

The petitioner is an inmate of the Alabama Department of Corrections with neither the means or money to retain counsel to assist him in this matter.

The petitioner is lack in legal knowledge and do not know how to proper prepare this matter for Court proceedings.

The issues involved in this matter are complex and require research and investigation that the petitioner is unable to do, because of being in prison.

49

As a matter of law petitioner is entitled to appointment of counsel to assist him in this matter.

The respondents will not be prejudice by the appointment of counsel in this matter.

<u>Therefore For Good Cause:</u>

Petitioner request that this Court appoint counsel to assist him in this matter.

Petitioner also request such other relief that this Court deems just in this matter.

Dated this _2_ day of ___Oct___ 2004

*Willie Terrell Jackson*

<u>Certificate Of Service:</u>

I hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the United States mail all postage paid.

Dated this _2_ day of ___Oct___ 2004

*Willie Terrell Jackson*



**50**

In The Circuit Court Of ___Montgomery County___

State Of Alabama

___Willie T. Jackson___,

Petitioner

Vs.

State Of Alabama,

Respondents

Case Number ___CC-01-440.62___

## Motion For Evidentiary Hearing:

Comes now the Petitioner in the above styled action and moves this Honorable Court pursuant to Rule 32.9 of the Alabama Rules of Criminal Procedures to set this matter for an Evidentiary Hearing.

This motion is based upon the following facts as set forth herein below.

## Facts In Support:

On ___Oct 4, 2004___, Petitioner filed a Petition for Relief from Conviction Pursuant to Rule 32 of the Alabama Rules of Criminal Procedures.

The issues involved in petitioner's petition are complex and require the taking of evidence through live testimony as the issues involve ineffective assistance of counsel and other trial court and jurisdictional matters

In order that petitioner may proper present his claims to this Court an evidentiary hearing is required

The Respondents will not suffer an hardship or un-due burden by this Court granting this motion.

### Therefore For Good Cause:

Petitioner respectfully request that this Court grant this motion and set this matter for an evidentiary hearing.

Petitioner also request such other relief that this Court deems just in this matter.

Dated this __2__ day of ___10ct___ 2004

*Willie Terrell Jackson*

### Certificate Of Service:

I, Hereby certify that I have served a true and correct copy of the above upon all parties by placing the same in the United States mail all postage paid.

Dated this __2__ day of ___Oct___ 2004

*Willie Terrell Jackson*

52

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA,<br>　　Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) 　Case No.:  CC – 01 - 0440.62 - EWR <br> ) |
| Willie Terrell Jackson,<br>　　Defendant. | ) <br> ) <br> ) <br> ) |

## STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION AND SENTENCE AND MOTION TO DISMISS

**COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss the Petition For Post Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal Procedure, and as grounds states the following:

### PROCEDURAL HISTORY

Willie Jackson was indicted by the Montgomery County Grand Jury in March, 2001 for the offense of Murder First Degree, a Class A felony, in violation of *Ala. Code 1975* § 13A-8-41, and for the offense of Stalking, a Class C felony, in violation of *Ala. Code 1975* § 13A-6-90. The Honorable James Porter was appointed to represent Mr. Jackson in this matter.

On June 22, 2001, Petitioner was found guilty by a jury of his peers of Stalking. A mistrial was declared on the count of Murder. The Court conducted a sentencing hearing on July 24, 2001. The State's Motion to Invoke Habitual Offender Act was granted and the one prior felony was invoked against the Petitioner. The Court then sentenced Petitioner to fifteen (15) years in the penitentiary.

OCT 2004
Filed
Melissa Rittenour
Circuit Clerk

On November 30, 2001, the Petitioner was found guilty by a jury of his peers of Murder. The court conducted a sentencing hearing on December 6, 2001. The State's motion to Invoke the Habitual Offender Act was granted and one prior felony was invoked against the Petitioner. The Court then sentenced the Petitioner to a sentence of Life in the penitentiary.

Petitioner filed a Petition for Relief From Conviction Or Sentence on November 25, 2003. The Petition was denied by this Court on January 12, 2004. This second Petition For Relief From Conviction Or Sentence was filed on October 7, 2004.

## ALLEGED GROUNDS FOR RELIEF

As a basis for this Petition, Mr. Jackson alleges the following grounds in support of his claims:

1.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief because the Petitioner's conviction was obtained by evidence obtained pursuant to an unlawful arrest and he was denied the effective assistance of counsel.

2.  Newly discovered facts exist which require that the conviction or sentence be vacated by the court because the facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

3.  The court was without jurisdiction to render the judgment or to impose the sentence.

The State contends that all averments made by Petitioner are baseless and are due to be denied.

## CONSTITUTIONAL CLAIM TIME BARRED

Rule 32.2(c) bars the Constitutional claim in this petition because it was filed beyond the statute of limitations period. When a petition is NOT filed within one (1) year following the

issuance of a Certificate of Judgment by the Court of Criminal Appeal *or* within one (1) year after the time for filing an appeal lapses, the petition is untimely unless it contains jurisdictional claims or properly pleaded newly discovered evidence claims permitted under the rules.

No evidence has been submitted as to a legitimate appeal or issuance of a certificate of judgment that would allow this claim to be timely filed. The sentencing date occurred over a year ago and is therefore past the statutory time limit. Since the petition is without a proper showing that this claim is not time barred, Petitioner's claim for constitutional remedy should be denied under Rule 32.2(c).

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM TIME BARRED

Any claim that counsel was ineffective must be raised as soon as practicable. However, Rule 32.2(d) precludes any such claim on a successive petition. This is the second petition filed by the Petitioner and therefore any such claims against effective assistance of counsel are precluded and time barred.

## NEWLY DISCOVERED EVIDENCE CLAIM TIME BARRED

Rule 32.2(c) bars the newly discovered evidence claim in this petition because it was filed beyond the statute of limitations period. The court will not consider a claim of "newly discovered evidence" unless the petition is filed within the applicable one-year period or within six months of discovery of the new evidence. *Ala.R.Crim.P.* Rule 32.2(c). Since the sentencing date was over two years ago, and no evidence has been submitted as to a legitimate date of discovery that would allow this claim to be timely filed, the petition is without a proper showing that the claim is not time barred. Petitioner's claim should be denied under Rule 32.2(c).

Alternately, even *if* discovery was within six months of the filing of the petition, the petitioner still fails to make a showing that the evidence qualifies as newly discovered evidence.

The defendant must show the facts were not known by the defendant or defendant's counsel at the time of trial or sentencing and could not be discovered using reasonable diligence at any time during the prosecution. *King v. State*, 729 So.2d 366 (Ala.Crim.App. 1998). In order to meet the definition of newly discovered evidence, the petitioner must have allegations that would show innocence or other statutory requirements. *Tarver v. State*, 769 So.2d 338 (Ala.Crim.App. 2000). The petitioner MUST allege facts to support his allegation that newly discovered evidence actually exists and meets the requirements of the rule providing for relief. *Burton v. State*, 728 So.2d 1142 (Ala.Crim.App. 1997).

Consequently, the petitioner has failed to meet the burden of proof as to newly discovered evidence prescribed by Rule 32.3, *A.R.Crim.P.*, because the petitioner has the burden of pleading and providing, by preponderance of the evidence, facts necessary to entitle the petitioner to relief. The petitioner's bare allegations and mere conclusions of law are not sufficient to warrant any further proceedings because the petition does not contain clear and specific statements for relief. *A.R.Crim.P.* Rule 32.6(b).

## TRIAL COURT HELD PROPER JURISDICTION

As a basis for this claim, the Petitioner does not allege grounds that are included in Rule 32.2 of the *Ala.R.Crim.P.* as a sufficient basis to support of his petition. No proof or offer of evidence is made to substantiate the allegation that this court lacked subject matter jurisdiction except the bare allegations that the court failed to administer the oath to prospective jurors prior to voir dire and that there existed some false arrest. Any claim for a false arrest would be an issue for the court before trial and would be raised on a direct appeal after a ruling by the trial court. Consequently, such a claim would be barred by Rule 32.2(a), *Ala.R.Crim.P.* Furthermore, it would fall under the constitutional claim which was already seen to be time barred above. The

petitioner provides no further evidentiary facts to support his other claim that the court failed to administer an oath to the jury before voir dire.

Since the petitioner's bare allegations are without merit on their face, summary dismissal is proper under *Boles v. State*, 717 So.2d 877 (Ala. Crim. App. 1998). The petitioner has failed to meet the burden of proof as prescribed by Rule 32.3 *A.R.Crim.P.*, which states the petitioner shall have the burden of pleading and providing by preponderance of the evidence the facts necessary to entitle the petitioner to relief. Without meeting this burden of proof, the petitioner's allegations should be dismissed.

## CONCLUSION

For the above stated reasons, Petitioner is not entitled to relief on any of his claims, and his conviction and sentence are due to be upheld. There is sufficient evidence to support Petitioner's conviction and sentence; thus, Mr. Jackson's petition is due to be denied. Therefore, the Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Mr. Jackson's Petition For Relief From Conviction and Sentence.

Respectfully submitted on this the __29__ day of October, 2004.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____
Daryl D. Bailey (BAI037)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon the defendant, by placing same in the U.S. Mail, postage prepaid and properly addressed, this the ___ day of October 2004 to the following address:

Willie Terrell Jackson
AIS#220410
Fountain Correctional Facility
3800 Fountain
Atmore, Alabama 36503

ELEANOR I. BROOKS
DISTRICT ATTORNEY


Daryl D. Bailey (BAI037)
Deputy District Attorney

ADDRESS OF COUNSEL:

Montgomery County District Attorney's Office
100 South Lawrence Street
Montgomery, Alabama  36104
(334) 832-2550

58

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STATE OF ALABAMA


Willie Jackson,

Petitioner

Vs.                                    CC-01-0440.60

State Of Alabama,

Respondents



### PETITIONERS ANSWER/RESPONSE TO STATE ANSWER

### AND MOTION TO DISMISS

Comes now the petitioner in the above styled action and hereby moves this Honorable Court to accept this the petitioner's, answer/response to State's answer and motion to dismiss.

As reasons for said the petitioner submit the following in support hereof.

### FACTS IN SUPPORT

The petitioner filed a rule 32 petition in which he challenge, his conviction and sentence of life in prison for murder.

The respondents have filed an answer and request that this Honorable Court dismiss said petition as being successive and failure to meet the time bar.

The respondents makes an argument that the petitioner do not support his argument with law and authority. That argument by the respondents must fail.

The respondents made an argument that petitioner's claims

are successive and that they must be dismissed, thereto that argument is not supported by law and authority.

In Ladd Vs. State, 577 So. 2d. 926, the Alabama Court of Criminal Appeals held that petitioner's second petition could not be denied as successive absent determination by trial court with factual findings of whether either of the prior petitions had been adjudicated on the merit.

See: Also Mace Vs. State, 574 So. 2d. 886 where the Court stated that before a petition acn be precluded as successive the petitioner is entitled to an adjudication of the merits of a previous petition.

As the record before this Honorable Court does not state if the prior petition was adjudicated o the merit the petitioner is entitled to an evidentiary hearing in this matter.

Although the respondents argue that petitioner is time barred that argument is absurd and must be rejected by this court.

The respondents correctly point out that petitioner has previously filed a rule 32 petition. However this petition is is filed well within the two year time period that was afforded petitioner because at the time of conviction of petitioner, Alabama Rules of Criminal Procedures, Rule 32 allowed a petition-er, two years from the date of denial by the Appellate Court to file for post conviction relief.

The law is Alabama is that the law at the time of conviction is the law that governers the conviction. In Petitioner's case that law is two years from the Appellate Court decision.

60

Alabama law in regards to filing for post conviction relief changed in 2002, therefore petitioner do not fall under the new law. Therefore petitioner is not time barred as alleged by the respondents.

Petitioner further argues that the respondents argument that petitioner did not support his argument with documents is absurd and as such this court must reject said argument. In his petition the petitioner attached to his petition a copy of certain exhibits, the respondents never made mention of the exhibits as if they do not exist.

The respondents argument as presented is directly contary to Rule 32.3 Alabama Rules of Criminal Procedures which states in part, the State shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded the petitioner shall have the burden of disproving it's existence by a preponderance of the evidence. This provision is clearly meant to comply with the due porcess requirements of the fifth amendment which mandates as a minimum that a litigant be given notice and an opportunity to be heard in a meaningful manner. This rule was stated in Fuentes Vs. Shevin, 407 U.S. 67, 80 92 S. Ct. 1983, 1984, 32 L. Ed. 2d. 556 (1972).

For more than a century the central meaning of procedural due process has been clear. Parties whose rights are to be affected, are entitled to be heard, and in order that they may enjoy that right they must first be notified.

It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner.

The States argument that petitioner's Rule 32 petition should be dismissed as time barred and successive must be rejected, as the petitioner must be given an opportunity to respond to the answer filed by the State. To do otherwise where the petitioner has had no meaningful opportunity to be heard is contrary to the provisions of Rule 32 itself as well as the fifth amendment.

It is axiomatic that the contentions made by the State if accepted by this court would violate the fundamental meaning of due process.

### CONCLUSION

The reply filed by the State makes no effort to refute the merit of petitioner's claims.

The State seeks to avoid the burden imposed on it by Rule 32.3, to plead any preclusion it wishes to assert, when in fact that burden is imposed upon them.

For the above stated reasons the petitioner request that the court reject the argument raised by the respondents and set this matter for a hearing.

Dated this _5_ day of _November_ 2004:


Respectfully Submitted,

_Willie Jackson_
Willie Jackson,

### CERTIFICATE OF SERVICE

I, hereby certify that all parties have been served with a copy of this pleading.

Dated this _5_ day of _November_ 2004:


_Willie Jackson_
Willie Jackson,

62

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
          v.              )          CC NO. 2001 440.62 EWR
                          )
WILLIE JACKSON            )

### ORDER

This matter is before the Court on Petitioner's Petition for Relief from Conviction
or Sentence, filed pursuant to Rule 32, Ala. R. Crim. P., on or about October 7, 2004, and
the State of Alabama's Answer filed on October 29, 2004. Upon consideration thereof,
and having taken judicial notice of this Court's own records, this Court finds as follows:

1. Petitioner's allegation that he was not lawfully arrested is without merit.
   Petitioner has failed to prove beyond a preponderance of the evidence the
   facts necessary to entitle him to relief. This issue could have been but was not
   raised or addressed at trial or on appeal. Petitioner has also failed to make a
   clear and specific statement of the grounds upon which relief is sought,
   including a full disclosure of the factual basis of those grounds. Therefore this
   claim is denied in accordance with rules 32.2, 32.3 and 32.6 of the Ala. R.
   Crim. P.

2. Petitioner's allegation that his trial counsel was ineffective is without merit.
   Attorney Jim Porter represented the Petitioner in a professional and
   exceptional manner. Petitioner has failed to show that but for his counsel's
   alleged errors that the outcome of his trial would have been different
   Strickland v. Washington 466 U.S. 668. This claim is also barred because this
   is Petitioner's second Rule 32 petition and the issue of the effectiveness of his
   counsel was addressed in that petition. Therefore this claim is denied in
   accordance with Rule 32.2(d) of the Ala. R. Crim. P.

3. Petitioner's allegations that the jury venire was not administered an oath prior
   to voir dire is without merit. The jury venire in this case was administered an
   oath prior to voir dire examination. Therefore this claim is dismissed.



RECEIVED
11-12-04
CIRCUIT COURT CLERK

63

4. Petitioner's allegation that the State of Alabama did not prove the elements of the crime of murder is without merit. Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief. This issue could have been but was not raised or addressed at trial or on appeal. Petitioner has also failed to make a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. Therefore this claim is denied in accordance with rules 32.2, 32.3 and 32.6 of the Ala. R. Crim. P.

5. Petitioner's allegation that his appellate counsel was ineffective is without merit. Petitioner has failed to show that but for his counsel's alleged errors that the outcome of his trial would have been different <u>Strickland v. Washington</u> 466 U.S. 668. This claim is also barred because this is Petitioner's second Rule 32 petition and the issue of the effectiveness of his counsel was addressed in that petition. Therefore this claim is denied in accordance with Rule 32.2(d) of the Ala. R. Crim. P. After careful review of the record this Court concludes that Petitioner's appellate counsel represented Petitioner in a professional and exceptional manner.

6. All other allegations that have been presented by Petitioner are without merit and are herby dismissed.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as Petitioner's instant Petition is precluded by Rules 32.2(a)(3), 32.3, and 32.6(b), Ala. R. Crim. P., and is otherwise without merit, it is summarily dismissed in accordance with Rule 32.7(d), Ala. R. Crim. P. and all costs associated with this proceeding SHALL BE TAXED AGAINST PETITIONER.

Done this the _____15_____ day of _____Nov._____, 2004.

_____

Eugene W. Reese
Circuit Court Judge

Cc:

Petitioner, #220410, 3800 Fountain Corr. Facility, Atmore, AL 36503
Daryl D. Bailey, Chief Deputy District Attorney

64

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STATE OF ALABAMA

WILLIE JACKSON,

PETITIONER                          CC-01-440.62

VS.

STATE OF ALABAMA,

RESPONDENTS



### MOTION TO ALTER, VACATE, AND OR AMEND

The petition in the above styled action hereby moves this honorable court for and order issued directing that the order of November 15, 2004 be vacated, altered, and or amended, and as reasons the following is submitted herein to wit:

### FACTS IN SUPPORT

The petitioner filed a Rule 32 petition in the Circuit Court of Montgomery County, where as he challenged his criminal conviction, where he was sentenced to the term of life in prison for the crime of murder.

Thereafter on October 29, 2004, the respondents filed an answer in which the respondents requested that said petition be dismissed.

The petitioner alleges that the answer filed by the respondents, should not have been accepted by the trial court as such answer filed by the respondents did not fully address the issues raised by the petitioner.

Petitioner alleges that the trial judge erred in dismissing his petition where the issues raised by petitioner wrer never disputed by the respondents with facts and evidence.

Although the petitioner admit that this is his second Rule 32 petition being filed, the trial judge decision stating that petition is successive is absurd and must be vacated, altered, and or amended, as the issues raised in the petition during the first proceedings were never adjudicated on the merit.

While the trial judge states that petitioner's attorney's at trial and on appeal were effective that statement by the trial judge must be vacated, altered, and or amended, as the record in this matter clearly support petitioner's position that he were denied effective assistance of counsel during trial and on appeal.

The trial judge made a finding that the jury venire were administered an oath prior to voir dire, However the record is silent as to this matter. If in fact the record is silent as to an oath being administered, the petitioner's allegations must be accepted as being true.

Based upon the above and the above argument the petitioner respectfully request that the decision of the trial judge on November 15, 2004, be altered, vacated, and or amended, and this matter be set for an evidentiary hearing, and the petitioner granted the relief that he is entitled to.

Petitioner also request that attorney be appointed to assist in this matter.



66

Petitioner  also request such other relief this court deems
just in this matter.

Dated this **23** day of *November* _____ 2004:


Respectfully Submitted,


*Willie Jackson*
Willie Jackson,


*[signature]*
Notary Public,


*1-5-06*
My Commission Expires,

67

## CERTIFICATE OF SERVICE

    I, hereby certify that I hhave mailed a true and correct copy of the above to all parties by placing the same in the U.S. mail, postage paid.

Dated this *23* day of *November* _____ 2004:

*Willie Jackson*
Willie Jackson



## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

### STATE OF ALABAMA

WILLIE JACKSON,

APPELLANT

VS.                                    CC-01-440.62

STATE OF ALABAMA,

APPELLEE

## NOTICE OF APPEAL

The appellant hereby gives notice of appeal to the Court of Criminal Appeals from the decision rendered in this action on November 15, 2004, whereas the trial judge dismissed the appellant's Rule 32 petition.

Dated this _23_ day of _November_____ 2004:

Respectfully Submitted,

_Willie Jackson_____
Willie Jackson,

## CERTIFICATE OF SERVICE

I, hereby certify that I have mailed a true and correct copy of the above to the appellee's by placing the same in the U.S. mmail, postage paid.

Dated this 23 day of November 2004:

_Willie Jackson_
Willie Jackson,

ACR371   ALABAMA JUDICIAL DATA CENT.
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS JACKSON WILLIE TERELL     JUDGE: EUGENE W. REESE

---

APPEAL DATE: 11/23/2004

---

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES    ____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  ____ YES    __X__ NO  N/A
INDIGENT STATUS REVOKED ON APPEAL:              ____ YES    __X__ NO
INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES    ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2001 000440.62

ORDER ENTERED(DATE): 11152004 PETITION: X DISMISSED __DENIED __GRANTED

---

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER _____ | _____ | _____ | _____ |

---

COURT REPORTER(S):
ADDRESS:                                    _____
                                            _____
                                            _____

APPELLATE COUNSEL #1:                        PRO SE
ADDRESS:                                     _____

                                                        , 00000
PHONE NUMBER:                                000-000-0000

APPELLATE COUNSEL #2:                        _____
ADDRESS:                                     _____
                                             _____
                                             _____
PHONE NUMBER:                                _____

APPELLANT (PRO SE):                          JACKSON WILLIE TERELL
ADDRESS:                                     3800 FOUNTAIN C.F
                                             ATMORE       , AL  365030000
AIS #:                                       000220410

APPELLEE (IF CITY APPEAL):                   _____
ADDRESS:                                     _____
                                             _____
                                             _____

---

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY                        PREPARED: 12/02/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 2nd DAY OF DEC ,2004    _____
                                               CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>ARAP-14     Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 11/23/04 |
|---|---|
| APPELLANT<br><br>Willie Terrell Jackson |  |
| v.   STATE OF ALABAMA |  |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___15th___ day of __December, 2004.__

_____
Circuit Clerk

As stated herein the state failed to prove/show a motive for Jackson to murder the victim, there was no proof offered at the trial that the petitioner and victim knew each other, and although, state witness Michael Moss stated that he knew it was the petitioner, it's hard to tell how he could have known that it was petitioner when in fact testimony stated at trial that the person, who committed the crime had on a black ski mask and dressed./ in black.

The state failed to prove it's case against Jackson, and as of such, the conviction and sentence is due to be vacated.

Furthermore petitioner contends that his conviction and his sentence is due to be vacated because the state failed to prove a key element of the crime. Positive intent Positive intent is an essential element of the crime of murder, and without such being proven, the state has fail to meet it's burden.

The law is very clear, where the state fail to meet it's burden, the crime /charge must be dismissed. In petitioner's case the crime was not dismissed because the trial judge and attorney, representing petitioner committed plain error.

The petitioner further contends that his conviction and sentence is due to be vacated as he was convicted in violation of due process and equal protection of the law. Case law and authority, cited herein dictate that the decision of the jury in finding, petitioner guilty do not hold with other dictums of the Alabama, Supreme Court, and that the trial court and all decisions of the trial court is bound by any decisions of the Supreme Court. See: Code of Alabama, 1975, I2-3-16, and where there are inconsistent, decisions earliest panel opinion resolves issues that are

in question until Supreme Court resolves the issue in question. At 106 F. 3d. 1519 (11th Cir. 1997).

In other words in general the Courts do not make the law and indeed do not dictate holdings, but instead find facts and apply, the existing law. 998 F. Supp. 1317.

Therefore this court is under a legal duty to review the legal, principles that govern this case and after having done so this court must proceed to apply such to the evidence and facts of law in doin so the court must consider the entire record in a light most favorable to the petitioner for the limited purpose of ascertaining, whether there was sufficient evidence presented before the trial court and presented to the jury to find the petitioner, guilty of the crime.

Petitioner argues that he have standing to challenge this his conviction, because the decision of the trial court sentencing him to prison where he had been denied due process and equal protection, of the law. Therefore petitioner has suffered an injury in fact.

See Hays V. United States, 132 L. Ed. 2d. 635. Further the petitioner argues that one have standing to bring his complaint in to, court if his stakes in the resolution of the complaint assumes the proportiors necessary to ensure that he will vigorously present, his case. 740 So. 2d. 1025 (1995).

Likewise standing turns on whether a party has suffered an injury in fact and whether the injury is to a legally protected right.

Case law in Alabama consisted with Alabama Leglislature clearly, states that 13A-6-2, the murder statue requires that intent

21

to commit the crime must be proven in order to get a conviction.

In <u>Ex Parte Looney</u> it was held by the Supreme Court that, words used in a statute must be given their natural, plain ordinary, and commonly understood meaning, and where plain language is used the court to bound to interpret that language to mean as it says.

In the present case at bar petitioner request that this court take jurisdiction over this matter and proceed in accordance, with the courts rules to review this matter.

This court is asked to determine the constitutionality of petitioner's claims.

Further this court is asked to determine whether the petitioner's sentence is illegal, in that petitioner was tried and convicted without intent having been proven.

**37**

## Ineffective Assistance Of Appellate Counsel

Petitioner contends that he was denied effective assistance of appellate counsel, during the criminal proceedings of his criminal conviction, and because of such, petitioner was denied his sixth amendment right as guaranteed by the 14th Amendment to the United States Constitution.

Petitioner hereby incorporate all arguments herein and alleges, as following.

The standard to be evaluated in making a determination that a defendant has been denied effective assistance of appellate counsel is the same standard as when a defendant makes a claim of ineffective assistance of trial counsel.

Thus in McMann, the court indicated that the accused is entitled, to a reasonable competent attorney, 397, U.S. 770, 25, Led 2d. 763, 90 S. Ct. 1441, whose advice is within the range of competence, demanded of attorney's in criminal cases. Id, at 771 25 L. Ed. 2d. 763, 90 S. Ct. 1441. In Cuyler Vs. Sullivan, 446 U.S. 335, 64 L. Ed. 2d. 333, 100 S. Ct. 1708 (1980), The Supreme Court held that the constitution guarantee an accused adequate legal assistance. Id, at 344, 64 L. Ed. 2d. 333, 100 S. Ct. 1558 (1982) the court referred to the criminal defendant's constitution guarantee, of a fair trial and a competent attorney, Id, at 134, 71 L Ed. 2d. 783, 102 S. Ct. 1558.

Therefore the substance of the constitution's guarantee of effective assistance of counsel is illuminated by reference to it's underlying purpose.

23

**38**

As stated in Strickland Vs. Washington, 80 L. Ed. 2d. 674 at 104 S. Ct. 2052, The sixth amendment recognizes the right to the effective assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted, by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.

In that appellate counsel failed to filed a motion based on ineffective assistance of counsel such was a denial of ineffective, assistance of appellate counsel, and based upon such it is petitioner's request that he be granted relief in this matter.

### Conclusion

Based upon the above and the above cited authorties the petitioner request this Honorable Court set this matter for an hearing and after having heard testimony, grant petitioner the relief that he is entitled too.

Dated this _2_ day of _Oct_____ 2004:


Respectfully Submitted,

_Willie T. Jackson_
Willie T. Jackson,

_[signature]_
Notary Public,

_11-5-06_
My Commission Expires,

**39**

## Certificate Of Service

I, hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the U.S. mail postage paid.

Dated this _2_ day of _Oct_____ 2004:


_Willie T. Jackson_
Willie T. Jackson,

96
40

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

State of Alabama
    Plaintiff,


v.                                    CASE NO.CC-2001-0440


Willie Terrell Jackson,
    Defendant.

## ORDER

This cause having come before the Court on request for transcripts, the same having been considered, it is hereby

**ORDERED ADJUDED AND DECREED** the defendant was tried for Stalking and Murder, the jury having found the Defendant Guilty of Stalking which is on appeal and the jury was unable to reach a verdict on the charge of Murder. The Court Reporter is ORDERED to prepare two copies of transcripts for the Defendant and the State to use in the retrial of the Murder charge.
Done this 17 SEP 2001.

/s/ Eugene W. Reese
Circuit Judge

CC:

Darryl Bailey
District Attorney's Office

James H Porter
Porter and Porter
400 South Union Street
Suite 345
Montgomery AL 36104

9-17-01

```
TERM DATE: 11/26/2001    PANEL: ALL    STATUS: A
STRIKE LIST BY: STR    )
                                                    RUN TIME:
                                                    41

STRIKE JURORS  JUROR'S NAME/COMMENTS          BIRTH DATE  SEX  RAC  PNL  STATUS
```

| | Strike | Juror | Name/Comments | Comment | Birth Date | Sex | Rac | Pnl | Status |
|---|---|---|---|---|---|---|---|---|---|
| | 0003 | 000088 | ADAMS RUTH J | None | 12/20/1930 | F | B | 01 | ACTIVE |
| | 0005 | 012781 | ALEXANDER RHONDA E | None | 03/21/1951 | F | B | 01 | ACTIVE |
| | 0010 | 050127 | ANDERSON GLENDA L | None | 02/09/1954 | F | W | 01 | ACTIVE |
| | 0013 | 012331 | ANDERSON MAXINE | None | 01/21/1960 | F | B | 01 | ACTIVE |
| | 0014 | 021369 | ANTHONY KAREN E | None | 04/11/1961 | F | W | 01 | ACTIVE |
| | 0017 | 011002 | ARABIAN GORDON L | None | 11/11/1944 | M | W | 01 | ACTIVE |
| | | | ~~AUSTIN JESSIE~~ E | | 01/10/1948 | F | W | 01 | ACTIVE |
| ② | 0022 | 020944 | AUSTIN JULIA D | | 09/01/1982 | F | B | 01 | ACTIVE |
| | 0029 | 053672 | BATISTE CONNIE L | | 08/14/1954 | F | B | 01 | ACTIVE |
| | 0039 | 012038 | BICKLEY JIMMIE L | | 05/11/1934 | M | B | 01 | ACTIVE |
| | 0047 | 011159 | BRABHAM SANDRA M | None | 10/31/1966 | W | W | 01 | ACTIVE |
| | 0050 | 044673 | BRACKIN JEANNE C | | 09/04/1951 | F | W | 01 | ACTIVE |
| | 0051 | 023611 | BRADSHAW DANIEL R | | 11/12/1955 | M | W | 01 | ACTIVE |
| | | | | | 03/01/1939 | F | W | 01 | ACTIVE |
| ③ | 0054 | 018626 | BROCK NANCY C | None | 01/31/1943 | F | W | 01 | ACTIVE |
| | 0055 | 006845 | COWAN SANTINA M | DR | 11/30/1977 | B | B | 01 | ACTIVE |
| | | | EXCUSED TUESDAY | | 01/24/1951 | M | B | 01 | ACTIVE |
| | | | BUCHANAN LINDA S | | 06/05/1958 | F | W | 01 | ACTIVE |
| | 0062 | 008181 | BURCH ROLLAND G | | 05/30/1917 | M | W | 01 | ACTIVE |
| | | | EXCUSE WEDNESDAY | | | | | | |
| | | 012524 | CAIN STUE S | | 05/01/1944 | M | W | 01 | ACTIVE |
| | 0069 | 020351 | CARR CHRISTOPHER D | None | 09/01/1947 | M | W | 01 | ACTIVE |
| ④ | 0070 | 053375 | CASON THEODORE C | | 12/04/1939 | M | W | 01 | ACTIVE |
| | 0074 | 000168 | CHAMPION BLANCHE P | TR | 08/30/1931 | F | W | 01 | ACTIVE |
| | 0086 | 034070 | CRAIK MELISSA A | | 07/13/1982 | F | W | 01 | ACTIVE |
| | 0088 | 017792 | CUNNINGHAM RADIAH N | DV | 01/01/1979 | F | B | 01 | ACTIVE |
| | 0094 | 020791 | DARBY BRENDA R | | 04/21/1949 | F | C | 01 | ACTIVE |
| | 0102 | 005813 | DAVIS SAMMIE L | DUI Trible | 07/17/1951 | M | B | 01 | ACTIVE |
| | 0104 | 017390 | DENTON EVALU W | None | 03/01/1933 | F | W | 01 | ACTIVE |
| ⑤ | | | | | 08/14/1940 | M | W | 01 | ACTIVE |
| | 0109 | 049665 | DUMAS ANTHONY T | | 01/24/1935 | B | B | 01 | ACTIVE |
| | | | | | 08/04/1974 | F | B | 01 | ACTIVE |
| | | | | | 06/13/1954 | F | W | 01 | ACTIVE |
| | | | | | 05/12/1951 | F | B | 01 | ACTIVE |
| | 0123 | 271725 | ENTREKIN ELAINE H | | 02/26/1955 | F | W | 01 | ACTIVE |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|---|
| 5 | 88 | 55 | 134 | 16 | 102 | 122 | 130 | 13 | 69 |
| 5 | 5-11 | 131 | 10 | 74 | 3 | 17 | 49 | 105 | 112.64 |

```
                                            MONTGOMERY COUNTY
TERM DATE: 11/26/2001                       STRIKE LIST BY: STRIK
STRIKE JUROR#  JUROR'S NAME/COMMENTS  PANEL: ALL     STATUS: A          RUN DATE:
                                                                        RUN TIME:
```

**42**

```
                                                          BIRTH DATE SEX RAC PNL ST
  0123  009735 FARROW ONETTA E
⑥        EXCUSE FRIDAY
  0129  025096 FIEDER EDWARD B      None   12/10/1944  F  B  01  ACTI
  0130  040642 FLOYD MARILYN C             07/22/1954  M  W  01  ACTI
  0131  016971 FLOYD WESLEY D       None   11/13/1971  F  B  01  ACTI
  0134  010557 FRANK FELECIA Y      None   04/21/1947  M  W  01  ACTI
  0143  030806 GARDNER HORACE G     None   02/11/1970  M  W  01  ACTIV
⑦        EXCUSE MONDAY                     02/11/1970  F  B  01  ACTIV
  0145  019611 GARRICK MAUD K       alt Th 08/12/1932  F  B  01  ACTIV
  0147  027443 GOLDEN BRENDA                               W  01  ACTIV
  0154  052929 GORDON RAY A         Cvrt   07/11/1932  F  W  01  ACTIV
  0156  023759 GRAHAM THOMAS E      DX     09/12/19    F  W  01  ACTIVE
  0157  055452 GRANT JAMES A        CS     11/23/1969  F  C  01  ACTIVE
  0159  000465 GRAY MARRIE Q        None   06/24/1959  M  B  01  ACTIVE
⑧                                   None   09/12/1927  M  W  01  ACTIVE
                                    None   02/05/1925  M  W  01  ACTIVE
  0173  016946 HAMPTON BARRY P             03/20/1976  F  W  01  ACTIVE
         CAN SERVE THIS WEEK ONLY None 09/02/1933  F  B  01  ACTIVE
                                           03/11/1975  M  W  01  ACTIVE
                                    None   01/31/1959  M  W  01  ACTIVE
                                           04/09/1969  M  W  01  ACTIVE
  0188  008477                             08/02/1966  M  B  01  ACTIVE
⑨ 0189  008922 HARVEST BARBARA G           09/30/1966  F  B  01  ACTIVE
  0191  032586 HATCHER CAROL L      Sm.    03/24/1954  F  B  01  ACTIVE
  0194  023167 HATHCOTE TERRY W     Negotiation 07/10/1949  F  B  01  ACTIVE
  0196  050703 HAYNIE DEBORA S      DA     02/10/1950  F  W  01  ACTIVE
  0199  023907 HENDERSON ROSA S     None   10/22/1966  M  W  01  ACTIVE
  0201  046692 HIBBARD PAUL W       X TOP  01/11/1959  F  W  01  ACTIVE
  0205  025541 HIEBERT KATHRYN B    TR     08/04/1959  M  W  01  ACTIVE
  0211  041352 HOGAN BRIAN W        DR     05/22/1970  F  B  01  ACTIVE
  0215  000918 HORNE DONALD J       None   01/14/1956  M  W  01  ACTIVE
  0216  011742 HUBBARD BARBARA E    None   03/12/1970  M  W  01  ACTIVE
  0219  053820 HUBBARD DAVID W      CS     03/03/1930  F  W  01  ACTIVE
       003262 HUTCHINSON LINDA H    TR     10/30/1965  F  B  01  ACTIVE
              IBIDAPO ANDREW O      None   03/01/1958  M  W  01  ACTIVE
                                    TR     03/04/1949  F  W  01  ACTIVE
                                           03/10/1955  M  B  01  ACTIVE
```

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**State of Alabama,**
**Plaintiff,**

v.                                    Case No:CC-2001-0440

**Willie Terrell Jackson,**
**Defendant.**

<u>**JURY VERDICT**</u>

_____ We the jury find the Defendant **Guilty** of the offense of Murder.

_____ We the jury find the Defendant **Not Guilty** of the offense of Murder.

_____
Foreperson

_11-30-01_
Date

RECEIVED
11-30-01

44

R-18

1     THE COURT:  The fact that you knew her,

2    would that prevent you from being fair and

3    impartial if selected as a juror?

4     PROSPECTIVE JUROR:  No, sir.

5     THE COURT:  Have you heard anything else

6    from any other source about this case that

7    you recall?

8     PROSPECTIVE JUROR:  Just what I read in

9    the papers basically.

10     THE COURT:  I am going to get to that in

11    just a minute.  I am going to ask everybody

12    about that.  Thank you, Ms. Brock.

13     Ladies and gentlemen, this offense is

14    alleged to have occurred on October 17 at

15    1948 hours, which is about 7:48 p.m., at 1245

16    Marlow Drive in Montgomery.  Again, it is

17    alleged that the defendant shot Ms. Lambert

18    at that time.

19     I mention that to ask you now, to the

20    best of your knowledge, have any of you heard

21    or read anything about this case?

22     Ms. Brock has.  A couple of other people

23    have.  Ms. Frank, you have heard something

24    about this, and, Ms. Floyd, you have as well.

25    Anybody else?  Ms. Buchanan.

1    D. A. Wilkinson, Officer Motley, Officer

2    Jones, K. D. Bowens.  Do any of you happen to

3    know any of those police officers to the best

4    of your knowledge?  [redacted]  Let me

5    ask you who you know, please.  Ms. Cowan, who

6    do you know, please, ma'am?

7        PROSPECTIVE JUROR:  Christopher Mackey.

8        THE COURT:  Is he just a personal

9    friend?

10        PROSPECTIVE JUROR:  I just know him from

11    security in the store.

12        THE COURT:  Ms. Adams.

13        PROSPECTIVE JUROR:  Officer Motley.

14        THE COURT:  How do you know him, please?

15        PROSPECTIVE JUROR:  I taught him.

16        THE COURT:  You taught him when he was

17    in school?

18        PROSPECTIVE JUROR:  Yes.

19        THE COURT:  Ms. Buchanan, who do you

20    know, please?

21        PROSPECTIVE JUROR:  E. E. Howton, he

22    attends my church.

23        THE COURT:  Anybody else?  Those of you

24    who know any of those officers, the fact that

25    they may be witnesses in the case, I don't

R-35

1    it shouldn't be any more.  But it seems to me

2    like in a murder case, there are going to be

3    more evidence, more witnesses, so, therefore,

4    there is more, not because it deserves more,

5    just because there is more.

6        MR. BAILEY:  We are not necessarily

7    talking about evidence.  We are really

8    talking about more of a burden, more of a

9    burden on the State of Alabama.

10       PROSPECTIVE JUROR:  Just by the nature

11   of the amount of evidence I think you would

12   need to provide, I think there is more of a

13   burden, not that it is more of a

14   responsibility.

15       MR. BAILEY:  That's a fair answer.  I

16   saw another hand.

17       PROSPECTIVE JUROR:  Sam Camp.  I would

18   have to agree that in a death case, you would

19   definitely have to --

20       MR. BAILEY:  We are not talking about

21   death penalty.

22       PROSPECTIVE JUROR:  Well, somebody is

23   dead.  I would think you would have to have a

24   pretty good case, because that's a serious

25   crime.  Shoplifting is something you can

1    yes or no.  I would try to be impartial.  But

2    as far as being able to stand right here

3    right now and honestly say one hundred

4    percent it won't, I can't do that.

5         THE COURT:  Thank you very much.  If you

6    would join the other jurors, please.  Ms.

7    Buchanan.

8         MS. BUCHANAN:  I just wanted to make

9    sure that I understand your question.  You

10   asked about the charge on domestic violence.

11   I know someone with domestic violence, but

12   there was no charge.

13        MR. BAILEY:  Is that someone you knew?

14   Do you mind me asking?

15        MS. BUCHANAN:  The husband is well known

16   politically and the wife is a friend of

17   mine.

18        THE COURT:  The fact that you may know

19   someone who either has participated or been a

20   victim of domestic violence, is that going to

21   color your view in any way that you think you

22   could not be fair and impartial as a juror?

23        MS. BUCHANAN:  No.

24        MR. DAVIS:  He was accused of domestic

25   violence in '98, I believe it was.  I don't