IN THE COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

APPEALS NUMBER CR-04-0337

WILLIE T. JACKSON,

APPELLANT

VS.

STATE OF ALABAMA,

APPELLEE

<u>BRIEF AND ARGUMET OF APPELLANT</u>

<u>ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT</u>

WILLIE T. JACKSON
ATTORNEY PRO Se
FOUNTAIN 3800
ATMORE, ALABAMA 36503

AIS 220410 2-105



## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested in this matter as the appellant, believes oral argument is not necessary to a determination in this matter.

*B*

## TABLE OF CONTENTS

| | | |
|---|---|---|
| (A) | Cover Page | ---------- |
| (B) | Statement Regarding Oral Argument | ---------- |
| (C) | Table Of Contents | ---------- |
| (D) | Table Of Authorties | ---------- |
| (E) | Statement Of The Case | ---------- |
| (F) | Issues For Review | ---------- |
| (G) | Statement Of The Facts | ---------- |
| (H) | Summary Of The Argument | ---------- |
| (1-2) | Argument | ---------- |
| (3) | Conclusion | ---------- |
| (4) | Certificate Of Service | ---------- |

## TABLE OF AUTHORTIES

Ladd Vs. State, 577 So. 2d. 926----------------------------------

Lancaster Vs. State, 638 So. 2d. 1370----------------------------

D.

## STATEMENT OF THE CASE

This matter concerns the conviction and sentence of the appellant, where the appellant was convicted and sentenced to prison where the State never proved it's case in chief.

In that the State never proved it's case in chief the appellant, contends thjat the trial court did not have the proper jurisdiction to pass sentence upon the appellant.

E.

## ISSUES FOR REVIEW

Whether the appellant's sentence is illegal in the absent of the trial court having proper jurisdiction.

Whether the trial court erred in dismissing appellant's Rule 32 petition.

F.

## STATEMENT OF THE FACTS

The appellant is serving a sentence of life in the State prison for the crime of murder, with such conviction and sentence being imposed by the Circuit Court of Montgomery County, Alabama on November 30, 2001.

This is the appellant's second Rule 32 petition filed in which he challenged his conviction and sentence.

After filing said petition the State filed an answer and appellant filed a response to said answer.

The trial judge accepted the answer filed by the State and dismissed appellant's petition.

The appellant filed a motion to alter, vacated and or amend which was never ruled on by the trial judge.

Timely notice of appeal was filed and this appeal follow.

## SUMMARY OF THE ARGUMENT

The appellant will argue that his conviction annd sentence is illegal and that the argument raised in his Rule 32 petition are jurisdictional in nature and as such the trial court erred in dismissing his petition as time barred.

ARGUMENT

The appellant argues that the trial court erred in accepting the appellee's argument to his Rule 32 petition and dismissing the same as being time barred and successive.

In Ladd Vs. State, 577 So. 2d. 926, the Alabama Court of Criminal Appeals held that appellant's second petition could not be denied as successive absent determination by trial court with factual findings of whether either of the prior petitions had been adjudicated on the merit.

Appellant argues that the record before the Circuit Court id not prove that appellants prior petition was adjudicated on the merit. Therefore appellant argues that it was error of the trial court to dismiss this action without first having granted appellant an evidentiary hearing.

Appellant argues that the trial court erred in accepting the appellee's argument that appellant is time barred. Although the appellee's correctly pointed out that appellant had filed a previously Rule 32 petition. Never-the-less this instant action was filed well within the two year time period that was afforded appellant because at the time of conviction appellant the Rules of Criminal Procedures Rule 32, allowed a prisoner two years from the date of denial by the Appellate Court to file for post conviction relief.

Appellant further argues that the law in Alabama is that the law at the time of conviction is the law that governs the the conviction.

In appellant's case the law is two years from the Appellate Court's decision.

Appellant argues that at the time he filed for post conviction, he was under the governing law of two (2) years, therefore appellant did not fall under the changed law and it was trial court error for the trial court to accept the appellee's argument that appellant was time barred.

Although the appellee's argued that appellant did not support, his argument with documentation, that assertion was in direct conflect with the attached exhibits to said petition. The record clearly showed that appellant supported his argument with such documents as would entitled him to relief.

Appellant made the required showing in his petition that he was entitled to relief, therefore the trial court should have granted relief to appellant as the records clearly show that appellant is entitled to relief.

Appellant hereby re-state the argument set forth in his Rule 32 petition that he is entitled to relief as the trial court was without jurisdiction to render the judgment or to impose the sentence.

As stated in the Rule 32 petition, claims of jurisdiction do not have to be raised within the time period set forth in Rule 32. See Lancaster Vs. State, 638 So. 2d. 1370.

For the above stated reasons the appellant is entitled toto relief.

Dated this 5 day of January 2005:

*Willie T. Jackson*
Willie T. Jackson,

## CONCLUSION

Wherefore the appellant request that this Honorable Court remand this matter to the trial court with directions that the appellant be granted a new trial.

Dated this 5 day of January 2005.

Respectfully Submitted,

*Willie T. Jackson*
Willie Jackson,

7

## CERTIFICATE OF SERVICE

I, hereby certify that I have mailed a true and correct of the appellant's brief to the appellee by placing the same in the mail proper addressed to the following:

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

Dated this 5 day of January 2005:


*Willie T. Jackson*
Willie T. Jackson,