CR-04-0337

In the COURT of CRIMINAL APPEALS
of ALABAMA

WILLIE TERRELL JACKSON,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

On Appeal From the Circuit Court of
Montgomery County (CC-01-440.62)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Daniel W. Madison*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

February 2, 2005



## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

i

## TABLE OF CONTENTS

## TABLE OF AUTHORITIES

**Cases**

Broownlee v. State, 666 So. 2d 91 (Ala. 2000)............ 8

Cook v. State, 887 So. 2d 309 (Ala. Crim. App. 2003)..... 8

Ex parte Gardner, 2004 WL 119304 (Ala. Jan. 27, 2004)........................................... 6

Ex parte Walker, 800 So. 2d 135 (Ala. 2000).............. 7

Jackson v. State, CR-01-0691 (Ala. Crim. App. Sept. 20, 2002)................................................ 6-7

Whitt v. State, 827 So. 2d 869 (Ala. Crim. App. 2002).....7

**Rules**

Rule 32.2(c).........................................5, 7

Rule 32.2(b)........................................... 7

**STATEMENT OF THE CASE AND FACTS**

This is an appeal of the denial of the Rule 32 petition for post-conviction relief filed by the Appellant, Willie Terrell Jackson (Jackson), in the Montgomery County Circuit Court, on October 7, 2004. (C. 6) Judge Eugene Reese presided. Jackson sought relief from his November 30, 2001, murder conviction. (C. 6) His conviction was affirmed on appeal. (C. 7) See Jackson v. State, CR-01-0691 (Ala. Crim. App. Sep. 20, 2002). On October 8, 2002, the Alabama Court of Criminal Appeals issued the certificate of judgment of affirmance. Jackson v. State, CR-01-0691 (Ala. Crim. App. Oct. 8, 2002).

Jackson argued in his petition: His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; he was denied effective assistance of counsel; the court lacked jurisdiction to render judgment or to impose the sentence; and, he was actually innocent of the crime for which he was convicted. (C. 10-11)

He argued that, because his arrest warrant was not supported by probable cause, his arrest was illegal; therefore, the trial court lacked jurisdiction to render the judgment or to impose the sentence. Also, Jackson

alleged that counsel failed to present his claim of actual innocence in a motion for new trial or other proceeding; therefore, this claim was not presented through no fault of Jackson. (C. 15-23) Jackson also alleged that the evidence was insufficient to support his murder conviction. (C. 32-36)

Jackson alleged trial counsel was ineffective for failing to: challenge the arrest warrant; perform independent testing of the evidence; investigate the crime scene; subpoena alibi witness; cross-examine the forensic pathologist in open court and to subpoena the lab investigator; strike friends of the victim from the jury or members who were victims of domestic violence; object to the trial court's alleged failure to answer prospective jurors; and, challenge the sufficiency of the evidence. (C. 24-30) Finally, Jackson alleged appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal; and, he claims the trial court lacked jurisdiction to render the judgment because the prospective jurors were not sworn. (C. 37-38; 30-31)

The State filed its response to Jackson's Rule 32 petition on October 29, 2004; and asserted as grounds for

2

dismissal, that: The petition was barred by the limitations period of Rule 32.2(c) A.R.Crim.P; the petition was successive and precluded by Rule 32.2(b), A.R.Crim.P.; and, Jackson had failed to state a jurisdictional ground for relief or alleged and proved grounds of newly discovered evidence; therefore, the petition was due to be dismissed pursuant to Rule 32.7(d), A.R.Crim.P., for failing to state any claims entitling Jackson to relief. (C. 52-56)

Jackson filed an answer to the State's response on November 9, 2004; and, on November 15, 2004, the circuit court issued its order dismissing Jackson's Rule 32 petition. (C. 58-61; 62, 63)

On November 23, 2004, Jackson filed a motion to alter, vacate, and or amend the circuit court's order dismissing his petition; and, he filed written notice of appeal that date. (C. 62-66)

3

## ISSUE PRESENTED FOR REVIEW

Should the order of the trial court dismissing Jackson's Rule 32 petition be affirmed because the petition is time-barred by Rule 32.2(c), A.R.Crim.P.; and, because the petition is successive and precluded by Rule 32.2(b), A.R.Crim.P.?

## STANDARD OF REVIEW

The standard of review of the trial court's denial of a Rule 32 petition is abuse of discretion. Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999). "[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So. 2d 936 (Ala. Crim. App. 1987)." Reed, at 233.

4

## SUMMARY OF THE ARGUMENT

The order of the trial court dismissing Jackson's Rule 32 petition is due to be affirmed because the petition is time-barred by the one-year limitation period of Rule 32.2(c), A.R.Crim.P.; and, because the petition is successive and precluded by Rule 32.2(b), A.R.Crim.P., where Jackson failed to show good cause why these issues were not raised in his prior petition.

## ARGUMENT

**The Order Of The Trial Court Dismissing Jackson's Rule 32 Petition Should Be Affirmed Because The Petition Is Time-Barred By Rule 32.2(c), A.R.Crim.P.; And, Because The Petition Is Successive And Precluded By Rule 32.2(b), A.R.Crim.P.**

Jackson argues on appeal that the trial court erred in dismissing his Rule 32 petition as time-barred and successive because the petition was filed within the two-year limitation period he alleged was in effect at the time he filed this petition; and, the trial court erred in dismissing the petition as successive because his previous Rule 32 petition was not adjudicated on the merits. (Jackson's brief; pgs. 1-2)  Jackson raised these issues in

5

his motion to vacate the trial court's order; therefore, these issues are properly before this Court. (C. 64-66)

The trial court correctly dismissed Jackson's petition as time-barred by Rule 32.2(c), A.R.Crim.P., because the petition was precluded by the one-year limitation of Rule 32.2(c), A.R.Crim.P. The Supreme Court of Alabama clarified the "triggering date" or effective date of the amendment of Rule 32.2(c), A.R.Crim.P -- that shortened the limitation period of Rule 32.2 from two-years to one year -- in Ex parte Gardner, 2004 WL 119304 (Ala. Jan. 27, 2004).

That court stated:

> The order of this Court issued on March 22, 2002, amending Rule 32.2, A.R.Crim.P., provided that the amendment of Rule 32.2 was effective August 1, 2002. IT IS ORDERED that effective -- date language shall be interpreted to mean that defendants in cases in which the Court of Criminal Appeals issued its certificate of judgment or the time for filing an appeal has lapsed during the period between August 1, 2001, and August 1, 2002, would have one year from August 1, 2002, within which to file a post conviction petition pursuant to Rule 32.2, Ala. R.Crim.P.

Because Jackson's certificate of judgment was issued on October 8, 2002, Jackson had one year to file his Rule 32 petition from that date. See Jackson v. State, CR-01-0691 (Ala. Crim. App. Sept. 20, 2002). Jackson filed this

6

present petition on October 7, 2004; thus, his petition was time-barred by the one-year limitation of Rule 32.2(c).

Also, Jackson has failed to establish good cause why his claims were not presented in his prior Rule 32 petition that he filed in the Montgomery County Circuit Court; therefore, these claims are successive and precluded by Rule 32.2(b), A.R.Crim.P.[1]  This Court stated in Whitt v. State, 827 So. 2d 869, 876 (Ala. Crim. App. 2002), that:

> '[W]e now interpret Rule 32.2(b) as federal courts interpret habeas corpus petitions to mean that new claims in subsequent petitions are barred as being successive unless 'the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."  Rule 32.2(b), Ala.R.Crim.P.

Ex Parte Walker, 800 So. 2d 135 (Ala. 2000).

Jackson has failed to show good cause why these claims were not presented in his previous petitions; therefore, the circuit court correctly ruled that Jackson's claims were successive under Rule 32.2(b).

---

[1] This Office has no record of any Rule 32 proceedings Jackson has filed challenging his murder conviction; however, Jackson has filed a previous Rule 32 petition in the Montgomery County Circuit Court challenging his stalking conviction.  See Jackson v. State, CR-03-0850 (Ala. Crim. App. June 11, 2004).

7

Finally, Jackson does not argue on appeal the claims raised in his Rule 32 petition; therefore, those issues shall be deemed abandoned. Cook v. State, 887 So. 2d 309, 310 (Ala. Crim. App. 2003); Brownlee v. State, 666 So. 2d 91 (Ala. Crim. App. 1995).

The order of the trial court dismissing Jackson's Rule 32 petition is due to be affirmed because Jackson's petition is precluded by Rule 32.2(c) and Rule 32.2(b), A.R.Crim.P.

## CONCLUSION

Based on the foregoing, the order of the trial court dismissing Jackson's Rule 32 petition is due to be affirmed.

Respectfully submitted,

Troy King
Attorney General
By:

J. Thomas Leverette
*Assistant Attorney General*

Daniel W. Madison
*Assistant Attorney General*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2005 a copy of the foregoing was served on the appellant by placing the same in the United States mail, first class postage prepaid and addressed as follows:

Willie T. Jackson
AIS #220410 2-105
Fountain 3800
Atmore, AL  36503


*Daniel W. Madison*
Daniel W. Madison
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
185450/JACKSON
73765-001