Madison
73765

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0337          Montgomery Circuit Court CC-01-440.62

WillieTerell Jackson v. State of Alabama

Cobb, Judge.

On November 30, 2001, Jackson was convicted of murder. The trial court sentenced him to life in prison. On appeal, this Court affirmed his conviction and sentence in an unpublished memorandum. Jackson v. State (No. CR-01-0691), 868 So. 2d 482 (Ala. Crim. App. 2002) (table). The certificate of judgment was issued on October 8, 2002.

On October 7, 2004, Jackson filed a Rule 32, Ala. R. Crim. P., petition. After the State responded, the circuit court summarily dismissed the petition on November 15, 2004. This appeal followed.



In his petition, Jackson claimed that his sentence was illegal and that the trial court lacked jurisdiction to adjudicate him guilty because his arrest was illegal; that he is actually innocent and has not presented this claim before now because of his attorney's "excusable neglect" (C. 19); that the trial court failed to administer the oath to the jury venire; that the State failed to prove a prima facie case of murder; and that trial and appellate counsel rendered ineffective assistance. On appeal, Jackson contends that the circuit court erred by dismissing his petition.

"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001).

None of Jackson's claims implicate the subject matter of the trial court, including his claim that the jury venire was not properly sworn. Fortner v. State, 825 So. 2d 876 (Ala. Crim. App. 2001). See Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1998) (claim of illegal arrest or warrant did not implicate subject matter jurisdiction of trial court); and Baker v. State, 667 So. 2d 50, 51 (Ala. 1995) (although claims of ineffective assistance of counsel may be presented for the first time in a Rule 32 petition, they are nevertheless subject to the period of limitations in Rule 32.2(c), Ala. R. Crim. P.). Therefore, his claims were precluded by the one-year period of limitations in Rule 32.2(c), Ala. R. Crim. P.[1]

Because Jackson's claims were precluded, the circuit court's summary disposition of his petition was appropriate. Therefore, the judgment of the circuit court is affirmed.

---

[1] On January 27, 2004, the Alabama Supreme Court ordered that "defendants in cases in which the triggering date, [that is, either 'the date on which the Court of Criminal Appeals issues its certificate of judgment, or if no appeal is taken, the date upon which the time for filing an appeal lapses,'] occurs on or after August 1, 2002, shall have one year from the triggering date within which to file" a Rule 32 petition. Therefore, the appellant had until October 8, 2003, to file his petition in order for the nonjurisdictional claims to not be time-barred.

2

AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

3