

IN THE COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

APPEALS NUMBER CR-04-0337

WILLIE T. JACKSON

APPELLANT

VS.

STATE OF ALABAMA,

APPELLEE

## APPLICATION FOR REHEARING

## BRIEF AND ARGUMENT OF APPELLANT

Willie T. Jackson

Fountain 3800

Atmore, Alabama 36503



## IN THE COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

Willie T. Jackson,

Appellant                                  Case No. CR-04-0337

Vs.

State Of Alabama,

Appellee

### APPLICATION FOR REHEARING

The appellant in the above styled action hereby pursuant to Rule 40 and 39 (k) of the Alabama Rules of Appellate Procedures moves this Honorable Court for rehearing of the decision of March 11, 2005, whereas the court affirmed the decision of the trial court, dismissing appellant's Rule 32 petition.

Supporting brief is attached hereto.

Dated this 16th day of March 2005:

_Willie T. Jackson_
Willie T. Jackson,

### CERTIFICATE OF SERVICE

I, hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the U.S. mail, postage paid.

Dated this 16th day of March 2005:

_Willie T. Jackson_
Willie T. Jackson,

## IN THE COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

Willie T. Jackson,

Appellant                           Case No. CR-04-0337

Vs.

State Of Alabama,

Appellee

## APPLICATION FOR REHEARING

The appellant in the above styled action hereby pursuant to Rule 40 and 39(k) of the Alabama Rules of Appellate Procedures moves this Honorable Court for rehearing of the decision of March 11, 2005, whereas the court affirmed the decision of the trial court, dismissing appellant's Rule 32 petition.

Supporting brief is attached hereto.

Dated this 16th day of March 2005:

_Willie T. Jackson_
Willie T. Jackson,

## CERTIFICATE OF SERVICE

I, hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the U.S. mail, postage paid.

Dated this 16th day of March 2005:

_Willie T. Jackson_
Willie T. Jackson,

## ARGUMENT

Appellant in the above styled action hereby files this his brief in the above matter and states as following.

The appellee's argue that appellant's rule 32 petition was properly dismissed by the trial court as time barred and successive as it was filed outside the one year time period is incorrect and must be rejected by the court.

Appellannt filed his rule 32 petition challenging the trial courts conviction for murder from his November 30, 2001 conviction.

In the present case at bar the Court of Criminal issued a certificate of judgment in this action on October 8, 2004. This instant action was filed October 7, 2004, therefore appellant filed his Rule 32 petition within two years after the date of his conviction.

Alabama law in accordance with Federal law clearly states that the law and rule at the time of the conviction is the law that governes the case and not the date of the effective date of rule establishing new procedures. Criminal law 998.14.

In the present case at bar appellant was convicted and sentenced prior to the new law/changed law in reference to Rule 32 therefore he is governed by prior law.

Appellant argues that his Rule 32 petition should not have been dismissed as the law is clear that basic principle in that failure to follow state procedures will warrant withdrawer of a remedy only if those procedures provide relief in State court with a fair opportunity for the claim to be heard.

## ARGUMENT

Appellant in the above styled action hereby files this his brief in the above matter and states as following.

The appellee's argue that appellant's rule 32 petition was properly dismissed by the trial court as time barred and successive as it was filed outside the one year time period is incorrect and must be rejected by the court.

Appellannt filed his rule 32 petition challenging the trial courts conviction for murder from his November 30, 2001 conviction.

In the present case at bar the Court of Criminal issued a certificate of judgment in this action on October 8, 2004. This instant action was filed October 7, 2004, therefore appellant filed his Rule 32 petition within two years after the date of his conviction.

Alabama law in accordance with Federal law clearly states that the law and rule at the time of the conviction is the law that governes the case and not the date of the effective date of rule establishing new procedures. Criminal law 998.14.

In the present case at bar appellant was convicted and sentenced prior to the new law/changed law in reference to Rule 32 therefore he is governed by prior law.

Appellant argues that his Rule 32 petition should not have been dismissed as the law is clear that basic principle in that failure to follow state procedures will warrant withdrawer of a remedy only if those procedures provide relief in State court with a fair opportunity for the claim to be heard.

In Harmon Vs. Ryan, 959 F. 2d 1457 (1992) it was held by the court that there must be some requirement that clearly define method by which a criminal defendant may reasonably seek state court review of his claim.

Appellant argues that the decision of the trial court dismissing his rule 32 petition must be reversed as the trial court did not follow law and authority.

Appellant further argues that the decision of the trial court is due to be reversed as the trial court nor appellee's addressed each and all of appellant's claims.

Appellant hereby adopts all issues raised in his brief and states that the decision of the appeals court is in error and because of such error such decision must be reconsidered.

Based upon the above and the above cited authorties the appellant request that this application for re-hearing be granted and that this matter proceed further.

Dated this 16th day of March 2005:


Respectfully Submitted,


Willie T. Jackson
Willie T. Jackson,

In Harmon Vs. Ryan, 959 F. 2d 1457 (1992) it was held by the court that there must be some requirement that clearly define method by which a criminal defendant may reasonably seek state court review of his claim.

Appellant argues that the decision of the trial court dismissing his rule 32 petition must be reversed as the trial court did not follow law and authority.

Appellant further argues that the decision of the trial court is due to be reversed as the trial court nor appellee's addressed each and all of appellant's claims.

Appellant hereby adopts all issues raised in his brief and states that the decision of the appeals court is in error and because of such error such decision must be reconsidered.

Based upon the above and the above cited authorties the appellant request that this application for re-hearing be granted and that this matter proceed further.

Dated this 16th day of March 2005:


Respectfully Submitted,

*Willie T. Jackson*
Willie T. Jackson,

## CERTIFICATE OF SERVICE

I, hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the U.S. mail, postage paid.

Dated this 16th day of March 2005.

*Willie T. Jackson*
Willie T. Jackson,

## CERTIFICATE OF SERVICE

I, hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the U.S. mail, postage paid.

Dated this 16th day of March 2005.

*Willie T. Jackson*
Willie T. Jackson,