IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| WILLIE TERRELL JACKSON, #220 410 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-1079-F |
| ARNOLD HOLT, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Willie Jackson on November 3, 2005. In this petition, Petitioner challenges the conviction for murder entered against him by the Circuit Court for Montgomery County, Alabama, on November 30, 2001. On December 6, 2001 the trial court sentenced Petitioner to life imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction in a memorandum opinion filed September 20, 2002 and issued a certificate of judgment on October 8, 2002. By operation of law, Petitioner's convictions became final on October 22, 2002.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's convictions became final in 2002- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on October 7, 2004. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of murder in the Circuit Court for Montgomery County, Alabama, on November 30, 2001. On December 6, 2001 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on September 20, 2002. Petitioner did not file an application for rehearing nor did he seek certiorari review of his conviction in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on October 8, 2002. Since Petitioner did not seek further relief from the Alabama

Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2001 murder conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[2] Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's murder conviction became final on October 22, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on October 22, 2003.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period

---

[2] Respondents' contention that Petitioner's conviction became final on October 8, 2002 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari in the Alabama Supreme Court. Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on October 7, 2004 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that within twenty-one (21) days of the filing date of this order Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

DONE, this 19th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE