IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL JACKSON, #220 410 | * | |
| Petitioner, | * | |
| v. | * | 2:05-CV-1079-MEF |
| | | (WO) |
| ARNOLD HOLD, WARDEN, *et al.*, | * | |
| Respondents. | * | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie Jackson ["Jackson"] on November 3, 2005. On November 30, 2001 a jury empaneled by the Circuit Court for Montgomery County, Alabama, found Jackson guilty of murder. On December 6, 2001 the trial court sentenced him as a habitual offender to life imprisonment.

Jackson appealed his murder conviction. The Alabama Court of Criminal Appeals affirmed the murder conviction in a memorandum opinion filed September 20, 2002 and issued a certificate of judgment on October 8, 2002. By operation of law, Jackson's conviction became final on October 22, 2002. (*See* Doc. No. 9, Exhs. B, C.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Jackson's conviction

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

became final in 2002 – **after** the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Jackson filed a Rule 32 petition with the trial court on October 7, 2004. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Jackson that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 10.) The order also gave Jackson an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Jackson filed his response on January 24, 2006. (Doc. No. 11.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[2] Respondents maintain that

---

[2]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

Jackson's habeas petition is time-barred because it was not filed within the one-year "grace period" allowed under applicable case law.[3]  According to Respondents, because Jackson's conviction became final in 2002 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Although Jackson filed a state post-conviction petition on October 7, 2004, Respondents a assert that the federal limitation period expired prior to his filing the present federal habeas petition. S*ee Webster*, 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333, 1335. n.4.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254

---

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]Subsection (d) of 28 U.S.C. § 2244 was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Jackson was convicted of murder in the Circuit Court for Montgomery County, Alabama, on November 30, 2001, and the trial court sentenced him to life imprisonment as a habitual offender on December 6, 2001. On appeal, the Alabama Court of Criminal Appeals affirmed Jackson's conviction in a memorandum released on September 20, 2002. Jackson did not file an application for rehearing nor did he request certiorari review of his conviction in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on October 8, 2002. Since Jackson did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and, therefore, the time for seeking review of the 2001 murder conviction lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court – fourteen (14) days from the issuance of the certificate of judgment.[4] Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Jackson's murder conviction became final on October 22, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on October 22,

---

[4] Respondents' contention that Jackson's conviction became final on October 8, 2002 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which he could have filed a petition for writ of certiorari in the Alabama Supreme Court. Accordingly, Jackson's conviction became final upon expiration of the fourteen days within which he could have filed a petition for writ of certiorari following the appellate court's issuance of a certificate of judgment.

2003.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Jackson filed a Rule 32 petition with the trial court, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Jackson on October 7, 2004 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department*

*of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* at 1286.

In his response to the answer of Respondents, Jackson argues that his habeas corpus petition should be considered timely because he filed it within one year of the Alabama Court of Criminal Appeals' decision affirming the denial of his Rule 32 petition. This argument is untenable as the federal limitation period had already expired when Jackson filed his Rule 32 petition. As noted, even a properly filed Rule 32 petition must be pending during the one-year period of limitation applicable to federal habeas corpus petitions in order to toll the limitation period. Because Jackson's post-conviction petition was filed following the expiration of the limitation period under § 2244(d), this collateral proceeding could not toll that period because there was no period remaining to be tolled. *See Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001).

Jackson further contends that his petition should not be barred because he was taken into federal custody in February 2002 and, thus, did not have access to state legal material. When Jackson returned to state custody in June or July 2003, he maintains that by the time he collected all of his paperwork in order to prepare and file his post-conviction petition, the one-year limitation period had expired.

Neither Jackson's *pro se* status, ignorance of the law, nor inability to access legal material, are sufficient grounds on which to toll the limitation period. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law); *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th

Cir.2000) (same); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Based on the foregoing analysis, the court concludes that Jackson has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Jackson for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims was readily available to Jackson at the time of his conviction and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Jackson's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Jackson presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Jackson] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Jackson is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the

7

petition for habeas corpus relief filed by Willie Jackson be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before March 16, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE