IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA ) | |
| ) | |
| v. ) | CC NO. 2001 440.62 EWR |
| ) | |
| WILLIE JACKSON ) | |

### ORDER

This matter is before the Court on Petitioner's Petition for Relief from Conviction or Sentence, filed pursuant to Rule 32, Ala. R. Crim. P., on or about October 7, 2004, and the State of Alabama's Answer filed on October 29, 2004. Upon consideration thereof, and having taken judicial notice of this Court's own records, this Court finds as follows:

1. Petitioner's allegation that he was not lawfully arrested is without merit. Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief. This issue could have been but was not raised or addressed at trial or on appeal. Petitioner has also failed to make a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. Therefore this claim is denied in accordance with rules 32.2, 32.3 and 32.6 of the Ala. R. Crim. P.

2. Petitioner's allegation that his trial counsel was ineffective is without merit. Attorney Jim Porter represented the Petitioner in a professional and exceptional manner. Petitioner has failed to show that but for his counsel's alleged errors that the outcome of his trial would have been different <u>Strickland v. Washington</u> 466 U.S. 668. This claim is also barred because this is Petitioner's second Rule 32 petition and the issue of the effectiveness of his counsel was addressed in that petition. Therefore this claim is denied in accordance with Rule 32.2(d) of the Ala. R. Crim. P.

3. Petitioner's allegations that the jury venire was not administered an oath prior to voir dire is without merit. The jury venire in this case was administered an oath prior to voir dire examination. Therefore this claim is dismissed.



RECEIVED
11-10-04
CIRCUIT COURT CLERK