IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL JACKSON, #220 410 | * | |
| Petitioner, | * | |
| v. | * | 2:05-CV-1079-MEF |
| ARNOLD HOLD, WARDEN, *et al.*, | * | (WO) |
| Respondents. | * | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 15, 2006 Petitioner filed objections to the March 3, 2006 Recommendation of the Magistrate Judge that his application for habeas relief be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). (Doc. No. 13.) Petitioner maintains that he is actually innocent and, therefore, entitled to equitable tolling of the statute. In support of his actual innocence argument, Petitioner alleges that (1) the warrant for his arrest was illegal, (2) he never knew his victim nor did he ever have a "run-in" with him, (3) the state failed to prove motive, (4) the lead detective made errors during the investigation, and (5) there exist tapes of phone conversations between Petitioner and an ex-girlfriend, made since his incarceration, which will prove his innocence and show that the ex-girlfriend, a witness for the State, gave perjured testimony at trial. Petitioner further maintains that counsel's ineffectiveness is grounds for equitable tolling.

I.   DISCUSSION

*A.  Actual Innocence*

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held:

> To be credible, . . . a claim [of actual innocence] requires petitioner
> to support his allegations of constitutional error with new reliable

>     evidence – whether it be exculpatory scientific
>     evidence, trustworthy eyewitness accounts, or critical physical
>     evidence – that was not presented at trial.

*Id*. at 324.

Here, the court finds that Petitioner presents only self-serving and conclusory allegations that he is actually innocent arguing, essentially, that the evidence at trial was insufficient to sustain his conviction. Petitioner's arguments constitute claims of legal insufficiency rather than factual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *see generally Conteh v. United States,* 226 F. Supp.2d 514, 519-20 (S.D.N.Y. 2002) ("A Section 2255 motion is not a vehicle for rearguing the credibility of witnesses."). "To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. at 623 (citations and internal quotations omitted).

Petitioner has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*. His mere contention that he is actually innocent of the crime of his conviction is not supported by the record or any credible evidence. The court, therefore, concludes that Petitioner has failed to demonstrate his actual innocence.

B. *Equitable Tolling*

The court understands Petitioner to make the additional argument that he is entitled to equitable tolling due to the actions or omissions of his trial counsel. Claims of ineffective assistance of counsel, however, do not entitle Petitioner to equitable tolling. *See Sandvik v. United States,* 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *see also Drew v. Dep't of Corr.,* 297

F.3d 1278, 1286-87 (11th Cir.2003) (petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling).

*C. Judicial Bias*

Petitioner's contention that the March 3 Recommendation reflects a bias and/or prejudice against him because the undersigned presided over criminal proceedings against him in this court is not relevant to his failure to file the instant application for habeas corpus relief in a timely manner. *See United States v. Jackson*, 2:01-CR-167 (M.D. Ala. 2002). However, the court notes that Petitioner's unsupported claim of bias is insufficient to show actual judicial bias or even an appearance of bias sufficient for purposes of requiring the undersigned to recuse herself from adjudicating the instant proceedings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

## II. CONCLUSION

In light of the foregoing, it is the SUPPLEMENTAL RECOMMENDATION of the Magistrate Judge that Petitioner's March 15, 2006 objections be overruled and the Recommendation of the Magistrate Judge filed on March 3, 2006 be adopted.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before April 10,v2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate

Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 28th day of March, 2006.

                                   /s/ Susan Russ Walker
                                   SUSAN RUSS WALKER
                                   UNITED STATES MAGISTRATE JUDGE